874 P.2d 964

**The STATE of Arizona, Appellant,**

v.

**Alvin Fredrick ZIMMER, Appellee.**

**No. 2 CA–CR 91–0219.**

Court of Appeals of Arizona,
Division 2, Department B.

May 28, 1993.

Reconsideration Granted July 21, 1993.

Review Denied June 1, 1994.*

---

* Feldman, C.J., of the Supreme Court, voted to grant the petition for review for the reasons set forth in his dissent in *State v. Garcia,* 141 Ariz. 97, 104–07, 685 P.2d 734, 741–44 (1984).

Grant Woods, Atty. Gen. by Paul J. McMurdie and Kent E. Cattani, Phoenix, for appellant.

Susan A. Kettlewell, Pima County Public Defender by Nancy F. Jones, Tucson, for appellee.

## OPINION

DRUKE, Presiding Judge.

Appellee was convicted by a jury of three counts of sexual abuse, a class three felony, and three counts of child molestation, a class two felony, all dangerous crimes against children. He was sentenced to mitigated five-year terms on the sexual abuse convictions and mitigated 12–year terms on the child molestation convictions. One five-year sentence was ordered to run consecutively to one 12–year sentence, but the trial court ordered all of the remaining sentences to run concurrently. All of the sentences must be served day for day. A.R.S. § 13–604.01(E). The state has appealed from that portion of the sentencing order in which the trial court declined to impose consecutive sentences as required by A.R.S. § 13–604.01(J).

The undisputed facts are as follows. In February of 1990, appellee, then 53, took his daughter and the victim, both eleven, to a carnival. While the three were riding the ferris wheel, appellee touched the victim's breast and then reached under her shorts to touch her vagina outside her underpants. This behavior was repeated when the three went on another ride, and again later in the

evening while appellee drove the victim home. There was testimony that appellee had previously engaged in such conduct toward the victim and had also touched her older sister inappropriately.

A.R.S. § 13–604.01(J) requires that a sentence imposed on a conviction of a dangerous crime against children "shall be consecutive to any other sentence imposed on the person at any time." Applying that statute to this case would result in a sentence of 51 years in prison. At the sentencing hearing, the trial court addressed the issue as follows:

First of all, let me say I agree with everything [the prosecutor] just said in terms of victimization of [the minor victim] and her family.

They are victims, but mostly [the minor victim] is a victim, and it's very clear from her letter that she had not gotten over this; that this has had a very strong emotional impact on her life and that it's going to take time and help for her to get over it.

And I—in the sentence that I'm giving, I want to make it clear that I consider this crime to be a very serious crime. It's a dangerous crime against children, as the legislature has labeled it.

Mr. Zimmer is going to have to serve every day of the sentence that is imposed, unlike most other criminals, who serve one-half or two-thirds of their sentence, and even less in many cases, he's going to serve every day of it.

And I look at a person who intentionally abuses a small child by putting them in scalding water and burns over 50 percent of their body as was in the paper this morning, and that person is sentenced to 25 years in prison.

When you look at those crimes, 51 years in prison for this crime, without minimizing this crime at all, is excessive and is cruel and unusual punishment.

Under our Constitution, according to our Supreme Court, and I'm citing *State v. Bartlett*, Counsel, 58 Az.Advanced Report.

And it's also based on the punishment that I have seen on the criminal bench, given to people who commit crimes similar to what Mr. Zimmer has done.

It is—51 years is disproportionate to what those other people—the punishment that they receive.

The court then proceeded to identify aggravating and mitigating factors, which are not disputed, and imposed the sentence set forth above.

█ In reaching its decision, the trial court relied on the Arizona Supreme Court's decision in *State v. Bartlett*, 164 Ariz. 229, 792 P.2d 692 (1990) (*Bartlett I*), holding that the federal and state constitutional prohibitions against cruel and unusual punishment were violated by the application of A.R.S. § 13–604.01 to result in a forty-year sentence for two convictions of statutory rape. As the state correctly notes, *Bartlett I* [1] was vacated and remanded by the United States Supreme Court for reconsideration in light of that Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Briefly summarized, *Harmelin* appears to stand for two propositions. First, mandatory sentencing statutes are not *per se* violative of the eighth amendment. Second, before a thorough proportionality review is constitutionally required, a defendant must make an initial showing that the sentence imposed is grossly disproportionate to the crime committed. On remand, our supreme court found that this threshold showing had been made and, relying on the remainder of its analysis in *Bartlett I*, concluded that the sentence constituted cruel and unusual punishment under the federal constitution.[2] *State v. Bartlett*, 171 Ariz. 302, 830 P.2d 823 (*Bartlett II* ), *cert. denied,* —— U.S. ——, 113 S.Ct. 511, 121 L.Ed.2d 445 (1992).

█ In this case, the state argues, no similar showing of disproportionality has been or can be made, and we agree. In reaching this conclusion, we must consider the particular

---

1. *Arizona v. Bartlett,* 501 U.S. 1246, 111 S.Ct. 2880, 115 L.Ed.2d 1046 (1991).

2. Because the court found the sentence to violate the federal constitution, it expressly refrained from reaching the issue of whether it also violated the state constitution and whether protection under the latter is broader than under the former.

circumstances of both the crime and criminal[3], for to do otherwise would be to abdicate our judicial responsibilities to the legislature.

To ignore the facts in determining whether a sentence is cruel and unusual would make the title of the statute—"Dangerous Crimes Against Children"—determine the constitutionality of the sentence imposed. Surely, if this court has a responsibility to review the constitutionality of sentences under the eighth amendment, that duty requires us to apply the standards of the federal constitution to the facts of what occurred, no matter what label the legislature has attached to the criminalizing statute. Legislatures must of necessity paint with a broad brush, leaving it to the courts to measure constitutionality by applying law to facts—the true judicial function.

*Bartlett II,* 171 Ariz. at 308, 830 P.2d at 829.

The differences between this case and *Bartlett* are immediately apparent and significant. The defendant there was an immature 23–year–old; the defendant here was a 53–year–old husband and father. The victims in *Bartlett* were a few months shy of fifteen, the age at which a class two dangerous crime against children becomes a class six felony; the victim here was eleven. By all accounts, the sexual conduct in *Bartlett* was entirely consensual; the victim here testified that she did not welcome the touching and refrained from speaking out only because she was afraid that appellee would rape her. The defendant in *Bartlett* had no prior criminal history whatsoever; although appellee has no prior convictions, he admitted numerous prior episodes of nonconsensual touching involving others as well as this victim.

This is not a case of "consensual sexual intercourse with two willing post-pubescent girls...." 171 Ariz. at 308, 830 P.2d at 829. This is a case of predatory conduct by a mature adult in a position of trust and authority with a young and unwilling victim. Considering all the facts and circumstances, and given "the legislature's prerogative to criminalize behavior and to choose the appro-

priate punishment," *id.,* we conclude that the mandatory minimum sentence is not grossly out of proportion to the severity of the crimes committed. Because the threshold showing of disproportionality has not been made, we hold that the trial court erred in refusing to apply the statute on eighth amendment grounds.

■ Appellee argues alternatively that the trial court's action can be affirmed independently under the state constitution. Ariz. Const. art. II, § 15. No prior case law clearly indicates that different treatment of the two constitutional provisions is warranted. On the contrary, prior decisions of the supreme court have accorded them identical scope. *See State v. Taylor,* 160 Ariz. 415, 773 P.2d 974 (1989); *State v. Mulalley,* 127 Ariz. 92, 618 P.2d 586 (1980), *overruled on other grounds, State v. Noble,* 152 Ariz. 284, 731 P.2d 1228 (1987). We find no basis, therefore, for affirming the trial court's action under the state constitution.

We have reviewed the entire record for fundamental error as to appellee's convictions and have found none. We therefore affirm. Because it is apparent that the trial court intended to impose a far lesser sentence than the mandatory minimum, no remand is required. The sentences are modified to provide that all six terms shall be served consecutively in accordance with A.R.S. § 13–604.01(J) and, as modified, are affirmed.

FERNANDEZ and HATHAWAY, JJ., concur.

---

**3.** Contrary to appellee's assertions, the trial court did not consider specifically the circumstances of the crime and the defendant to determine whether the punishment was disproportionate. Rath-

er, the trial court compared the punishment inflicted for this crime to the punishment inflicted for other crimes.