80 P.3d 284

STATE of Arizona, Appellee,
Cross–Appellant,

v.

Michael TSINNIJINNIE, Appellant,
Cross–Appellee.

No. 1 CA–CR 02–0958.

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 11, 2003.

Terence C. Hance, Coconino County Attorney, By Timothy P. Linnins, Deputy County Attorney, Flagstaff, Attorneys for Appellee, Cross Appellant.

H. Allen Gerhardt, Coconino Public Defender, Flagstaff, Attorney for Appellant, Cross Appellee.

## OPINION

GEMMILL, Judge.

¶1 Arizona Revised Statutes ("A.R.S.") section 13–604.01 (2001) requires that the defendant in this case be sentenced to consecutive sentences for his convictions for sexual assault and molestation of a child.

¶2 Michael Tsinnijinnie was convicted of one count of sexual assault and two counts of molestation of a child, all "dangerous crimes against children" under A.R.S. § 13–604.01. Tsinnijinnie appeals from his convictions and sentences. The State cross-appeals the trial court's sentencing of Tsinnijinnie to concurrent sentences for Count 1, sexual assault, and Count 3, molestation of a child. *See* A.R.S. § 13–4032(5) (2001) (authorizing appeal by State of an illegal sentence). The State asserts that under § 13–604.01(K), the trial court was required to impose consecutive sentences for Counts 1 and 3. Because only our resolution of the sentencing issue raised by the State merits publication, we have addressed and affirmed in a separate memorandum decision Tsinnijinnie's convictions on all counts and his sentence for Count 2, molestation of a child. *See* Ariz. R. Sup. Ct. 111(h); Ariz. R.Crim. P. 31.26. For the following reasons, we reverse the sentences

for Counts 1 and 3 and remand to the trial court for resentencing.

## FACTS AND PROCEDURAL HISTORY

¶3 On January 9, 2002, Yvonne M. reported to the police that her grandchildren, Robert, a seven-year old child, and Tashina, his eleven-year old sister, told her that their uncle, Michael Tsinnijinnie, had molested Robert. Robert was examined and interviewed. During the interview, Robert said that on several occasions, his uncle had grabbed his "privates" and pulled them, causing them to hurt. Tashina was also interviewed and said that she witnessed her uncle molest her brother on several occasions. She recalled that these events occurred January 5, 2001 and one week prior to January 6, 2001. Tashina disclosed that Robert was afraid of Tsinnijinnie and begged her not to tell anyone, but she decided to tell her grandmother anyway.

¶4 Tsinnijinnie was indicted for sexually assaulting[1] and molesting[2] Robert on or about December 31, 2000 (Counts 1 and 2), and for molesting Robert on or about January 5, 2001 (Count 3). After a five-day trial, the jury found Tsinnijinnie guilty on all three counts.

¶5 At sentencing, the trial court found the existence of these aggravating factors: Tsinnijinnie caused severe emotional harm to Robert and violated a position of trust with him. The court also found these mitigating circumstances: Tsinnijinnie's lack of a prior criminal history, his strong family support, and a lack of maturity despite his age. The court sentenced Tsinnijinnie to a mitigated term of seventeen years in prison for Count 1, sexual assault, and to presumptive terms of seventeen years in prison for Counts 2 and 3, child molestation. The Court ordered all sentences to be served concurrently.

## ANALYSIS

¶6 The State argues that the trial court erred in ordering Tsinnijinnie's sen-

tences for Count 1, sexual assault on December 31, 2000, and Count 3, child molestation on January 5, 2001, to be served concurrently. The State asserts that under A.R.S. § 13–604.01(K), the trial court was required to impose consecutive sentences and had no discretion to impose concurrent sentences for Counts 1 and 3. The State does not challenge Tsinnijinnie's sentence on the Count 2 conviction.[3]

¶7 Resolution of this sentencing issue presents a question of statutory interpretation that we review independently. See State v. Siner, 205 Ariz. 301, 303, ¶8, 69 P.3d 1022, 1024 (App.2003). Our goal in statutory interpretation is to discern and implement the intent of the legislature. See Abbott v. City of Tempe, 129 Ariz. 273, 275, 630 P.2d 569, 571 (App.1981). We look first to the language of the statute as "the best and most reliable index of a statute's meaning." State v. Williams, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) (quoting Janson v. Christensen, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). We assume that the legislature has given words their natural and obvious meanings unless otherwise stated. See A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language.").

¶8 The statutory provision at issue is part of the dangerous crimes against children legislation originally enacted in 1985 in response to a reported increase in sexual offenses committed against children. See State v. Arnoldi, 176 Ariz. 236, 242, 860 P.2d 503, 509 (App.1993). The legislature intended to impose severe punishments for dangerous crimes committed against children less than the age of fifteen. See State v. Boldrey, 176 Ariz. 378, 381, 861 P.2d 663, 666 (App.1993); see also Williams, 175 Ariz. at 101, 854 P.2d at 134 (discussing offenses constituting dangerous crimes against children).

¶9 The State argues that § 13–604.01(K) mandates that Tsinnijinnie's sentence for

---

1. See A.R.S. §§ 13–1406(A), –1401(3) (2001).

2. See A.R.S. §§ 13–1410(A), –1401(2) (2001).

3. We therefore do not address whether the trial court had discretion under § 13–604.01(K) to order that the sentence on Count 2, child molestation on December 30, 2001, be served concurrently with the other sentences.

sexual assault (Count 1) must be served consecutively to his sentence for child molestation (Count 3). The State also asserts that *State v. Zimmer*, 178 Ariz. 407, 874 P.2d 964 (App.1993), which construed and applied the predecessor version of this subsection, is controlling. Tsinnijinnie, on the other hand, points out that subsection (K) was amended in 1997 and he contends that the two sentences now comprising subsection (K) are contradictory and that the provision is therefore unconstitutionally void for vagueness. Tsinnijinnie also argues that the amended provision violates his right to due process of law because it is inconsistent with its predecessor provision.

¶ 10 We agree with Tsinnijinnie that *Zimmer* is not dispositive because the court in that case construed the predecessor to subsection (K). The interpretation of this subsection, as amended, is therefore an issue of first impression in Arizona.

¶ 11 Section 13–604.01(K) states:

> The sentence imposed on a person by the court for a dangerous crime against children under subsection D of this section involving child molestation or sexual abuse pursuant to subsection E of this section may be served concurrently with other sentences if the offense involved only one victim. The sentence imposed on a person for any other dangerous crime against children in the first or second degree shall be consecutive to any other sentence imposed on the person at any time, including child molestation and sexual abuse of the same victim.[4]

¶ 12 The plain language of the first sentence of subsection (K) gives the trial court discretion to impose concurrent sentences for child molestation under subsection D or sexual abuse under subsection E, with any other sentences, if the offenses involve only one victim. Both sentences of subsection (K) must be read together and harmonized, however, to correctly discern the legislative in-

tent. *See Arden Mayfair, Inc. v. State Dept. of Liquor Licenses and Control,* 123 Ariz. 340, 342, 599 P.2d 793, 795 (1979).

¶ 13 The initial portion of the second sentence of subsection (K) describes a criminal "sentence imposed on a person for any *other* dangerous crime against children." A.R.S. § 13–604.01(K) (emphasis added). This use of the word "other" means that the second sentence will apply to all sentences for dangerous crimes against children *except child molestation* under subsection D and *sexual abuse* under subsection E. The remaining part of the second sentence provides that such "other" sentences for dangerous crimes against children "shall be consecutive to any other sentence imposed on the person at any time, including child molestation and sexual abuse of the same victim." *Id.* Accordingly, the second sentence provides that every conviction for a dangerous crime against children except molestation and sexual abuse must be consecutive to every other sentence imposed on the defendant, including molestation or sexual abuse.

¶ 14 When the two sentences of subsection (K) are considered together, the sentencing discretion granted to the trial court by the first sentence is limited by the second sentence. If a defendant is convicted of child molestation or sexual abuse along with another offense that is *not* a dangerous crime against children, the trial court has discretion to order that the sentences be served concurrently if only one victim is involved. If, however, a defendant is convicted of any "other" dangerous crime against children, the sentence for each such offense must be served consecutively to any other sentence imposed.

¶ 15 Tsinnijinnie was convicted of sexually assaulting Robert on December 31, 2000 and of molesting Robert on January 5, 2001. Under § 13–604.01(K), the trial court was required to order that the sentences for these two convictions be served consecutively. Tsinnijinnie's sentence for sexual assault is

---

4. Section § 13–604.01(K) was originally subsection (I). In 1997, the legislature amended § 13–604.01(I), redesignating it as (J) and replacing the prior language with the two sentences quoted above. Laws 1997, Ch. 179, § 1. The legislative history is inconclusive regarding the purpose of the 1997 amendment to this subsection, and our resolution of the issue presented in this appeal is based on the plain language of the subsection. A 1998 amendment redesignated the subsection as (K). Laws 1998, Ch. 281, § 1.

governed by the second sentence of subsection (K) because it is a "sentence imposed on a person for any other dangerous crime against children in the first or second degree." His sentence for sexual assault, therefore, must "be consecutive to any other sentence imposed on the person at any time, including child molestation and sexual abuse of the same victim." A.R.S. § 13–604.01(K).

¶ 16 We do not agree with Tsinnijinnie's argument that the two sentences of subsection (K) are contradictory. The proper interpretation of these two sentences, regarding the precise issue presented to us, flows directly and logically from the plain language of the sentences when considered as a whole.

 ¶ 17 For the same reason, we also disagree with Tsinnijinnie's argument that subsection (K) is unconstitutionally void for vagueness. This constitutional argument is based on Tsinnijinnie's position that the two sentences are contradictory and irreconcilable. He cites *State v. Wagner,* 194 Ariz. 310, 312, ¶ 11, 982 P.2d 270, 272 (1999), in which the supreme court stated:

> A criminal sentencing scheme can be challenged on vagueness grounds, and the scheme is void for vagueness if it fails to state "with sufficient clarity the consequences of violating a given criminal statute."

(Citations omitted.) Because the meaning of the language of subsection (K) may be determined with "sufficient clarity," the provision is not unconstitutionally void for vagueness. *See In re Maricopa County Juv. Action No. JS-5209 & No. JS-4963,* 143 Ariz. 178, 183, 692 P.2d 1027, 1032 (App.1984) (stating that a statute "will not be held void for vagueness if any reasonable and practical construction can be given to its language") (citation omitted).

¶ 18 We also disagree with Tsinnijinnie's final argument that A.R.S. § 13–604.01(K) violates his right to due process of law because the amended language is inconsistent with the pre-amendment language. Tsinnijinnie cites no authority for this argument. It has long been held that the "last expression of the legislature on any subject is the law whether the old statute be consistent therewith or not." *Olson v. State,* 36 Ariz.

294, 301, 285 P. 282, 285 (1930). The new language of subsection (K) is controlling, and Tsinnijinnie has not demonstrated any deprivation of due process.

## CONCLUSION

¶ 19 Tsinnijinnie's three convictions are affirmed. The sentence on his conviction on Count 2, including that it will be served concurrently with the sentences to be imposed for the convictions on Counts 1 and 3, is also affirmed. Tsinnijinnie's sentences for his convictions on Counts 1 and 3 are reversed. Because the trial court imposed the sentences for Counts 1 and 3 with the belief that the sentences could be served concurrently, we vacate these sentences in their entirety and remand this matter to the trial court for resentencing on Counts 1 and 3.

CONCURRING: JON W. THOMPSON, Presiding Judge and LAWRENCE F. WINTHROP, Judge.