NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MACK DARRELL ROMAINE, *Petitioner/Appellant*,

*v.*

DAVID SHINN,[1] et al., *Respondents/Appellees*.

No. 1 CA-HC 19-0005
FILED 1-9-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-015476
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Mack Darrell Romaine, Florence
*Petitioner/Appellant*

---

[1]     David Shinn is substituted for Charles Ryan as the Director of the Arizona Department of Corrections.  *See* ARCAP 27(c)(2).

---

**MEMORANDUM DECISION**

---

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

---

J O N E S, Judge:

¶1        Mack Romaine appeals from an order denying his habeas corpus petition, claiming his sentences are illegal and asserting the superior court abused its discretion when it failed to correct them. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 1993, a jury convicted Romaine of nine counts of sexual conduct with a minor occurring between 1987 and 1992. Romaine was sentenced to more than 140 years' imprisonment. We affirmed his convictions and sentences on appeal. *State v. Romaine*, 1 CA-CR 93-0647 (Ariz. App. Mar. 12, 1996) (mem. decision).

¶3        In May 2019, Romaine filed a petition for habeas corpus, asserting that, because the statute governing sentencing for dangerous crimes against children[2] was "recognized as unconstitutional in an unreported Arizona case," his convictions were based upon "invalid law," his indictment was "void," and the trial court "had no subject matter jurisdiction" over his trial and sentencing. The superior court denied the petition, and Romaine timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(11)(a).

## DISCUSSION

¶4        We review the denial of a writ of habeas corpus for abuse of discretion. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004). A superior court abuses its discretion "where the record fails to provide substantial support

---

[2]        Romaine repeatedly refers to Arizona Revised Statutes (A.R.S.) § 13-604.01. This section was renumbered to A.R.S. § 13-705, effective January 1, 2009. *See* 2008 Ariz. Sess. Laws, ch. 301, § 17 (2nd Reg. Sess.). Absent material changes from the relevant date, we cite a statute's current version.

for its decision or the court commits an error of law in reaching the decision." *Id.*

¶5        On appeal, Romaine reasserts his argument that his convictions were based upon a law that was held unconstitutional. He does not identify the unreported case on which he relies, any cases that have applied the authority, or the legal basis for the purported decision. Nor does Romaine articulate why the sentencing statute is unconstitutional, or how the invalidity of a sentencing statute would affect his convictions. Moreover, contrary to Romaine's assertions, our supreme court has repeatedly upheld the constitutionality of A.R.S. § 13-705 against various challenges, both before and since Romaine's convictions. *See, e.g., State v. Jones*, 235 Ariz. 501, 502, 503-04, ¶¶ 1, 13 (2014) (double jeopardy); *State v. Berger*, 212 Ariz. 473-75, 478, 483, ¶¶ 3, 6, 22, 25, 51 (2006) (cruel and unusual punishment); *State v. Lyons*, 167 Ariz. 15, 17 (1990) (separation of powers); *see also State v. Tsinnijinnie*, 206 Ariz. 477, 477-80, ¶¶ 1-19 (App. 2003) (vagueness). On this record, we find no error in the denial of the petition.

## CONCLUSION

¶6        The superior court's order denying Romaine's habeas corpus petition is affirmed.

