860 P.2d 503

**The STATE of Arizona, Appellee,**

v.

**Jerome Edwin ARNOLDI, Jr., Appellant.**

**No. 2 CA–CR 92–0233.**

Court of Appeals of Arizona, Division 2, Department B.

April 13, 1993.

Petition and Cross–Petition for Review Denied Oct. 19, 1993.

**238**

Grant Woods, Atty. Gen., by Paul J. McMurdie and Susanna C. Pineda, Phoenix, for appellee.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted of twenty sexual offenses involving his four minor daughters. He contends that the trial court erred in finding him competent to stand trial, imposing consecutive sentences on certain counts in violation of A.R.S. § 13–116, denying his motion for acquittal on one count, imposing consecutive sentences as to all counts, and failing to define certain terms for the jury. The state agrees that there was insufficient evidence to support the verdict as to count eighteen, a count alleging sexual conduct with a person under fifteen. Therefore, we vacate his conviction on that count. In addition, we conclude that the trial court erred in sentencing appellant and remand for resentencing.

Daughter one testified that appellant had molested her from the time she was nine until she was twelve. She specifically testified as to only two incidents. With regard to the final incident with appellant, she testified that he grabbed her hand, led her into his bedroom, touched her breast,

touched her vagina with both his finger and his penis, and attempted to insert his penis into her vagina. Daughter one also testified about an incident that had occurred two months previously in which appellant had made her touch his penis. Appellant was convicted of counts one through six and nine, kidnapping, three counts of child molestation, sexual abuse, sexual conduct, and attempted sexual conduct as to daughter one.

Daughter two testified that when she was in the sixth grade, appellant picked her up, dragged her down the hall to his bedroom, touched her vagina, put his finger in her vagina, put his penis against her anus, and attempted to have her touch his penis. Appellant was convicted of counts ten through fourteen, kidnapping, sexual conduct, attempted child molestation, and two counts of child molestation as a result of that incident.

Daughter three testified that appellant had molested her from the time she was five until she was eight. She testified as to only one incident. She stated that when she was in kindergarten, appellant pulled her by the arm into his bedroom,[1] touched her vagina, put his finger into her vagina, touched her anus with his penis, and had her touch his penis. He was convicted of counts fifteen through twenty, two counts of sexual conduct and four counts of child molestation as to daughter three.

Daughter four testified that appellant had molested her from the time she was in first or second grade through the third grade. During the final incident, one of two as to which she testified specifically, appellant promised her a surprise if she would go to his bedroom where he touched her vagina and her breasts. He was convicted of counts twenty-one and twenty-two, child molestation and sexual abuse for that incident.

Appellant denied that he had molested any of his daughters. He was sentenced to seventeen years on count one, a consecu-

---

**1.** Despite the similarity between daughter three's and daughter one's testimony as to appellant's actions in taking them to his bedroom,

appellant was not charged with kidnapping daughter three.

tive fifteen-year prison term on count two, and eighteen consecutive life sentences on the remaining counts. The trial court found that each of the offenses was a dangerous crime against children pursuant to A.R.S. § 13–604.01. In addition, the court enhanced nineteen of the counts as repetitive offenses pursuant to that statute.

## COMPETENCY TO STAND TRIAL

Appellant argues that the trial court erroneously found him competent to stand trial, noting that his mental health experts testified that he was not competent to assist his attorney in his defense. In its ruling, the trial court noted that the best evidence of appellant's ability to stand trial was his testimony at a prior hearing to revoke the conditions of his release.

 Appellant contends that the court should have given more weight to his experts' testimony, particularly in view of the fact that one of his experts conducted several psychological tests and the state's expert did not. Our duty, however, is not to weigh the evidence. In reviewing a ruling as to competency, we determine whether reasonable evidence was presented that supports the trial court's finding. *State v. Bishop*, 162 Ariz. 103, 781 P.2d 581 (1989). The trial court is entitled to rely on its own observations of a defendant in determining the person's competency to stand trial. *Id.* The testimony of the state's expert, combined with the court's observation of appellant in the prior hearing, constitute reasonable evidence that supports the court's finding. We find no error.

## DOUBLE PUNISHMENT

 Appellant contends that the trial court violated A.R.S. § 13–116 by sentencing him to consecutive sentences for single acts that are punishable under different statutes. His argument applies to two counts for each of three daughters.

Daughter one testified as follows:

Q Did he touch your vaginal area with anything other than his penis?

A Yes; his finger.

Q And, please tell us what he did.

A He would just play around.

Q Can you describe what you mean by play around— ... I know this is real hard—

A Excuse me.

Q That's all right.

A He would put his finger between the flap of skin, or try to put it inside my vagina.

Q Did his finger actually go past those flaps of skin, there in the vaginal area?

A Yes.

Appellant was convicted of child molestation pursuant to A.R.S. § 13–1410 for touching daughter one's vagina with his hand and sexual conduct with a person under fifteen pursuant to A.R.S. § 13–1405 for engaging in sexual intercourse by putting his finger in her vagina.

Daughter two testified:

Q And, when he was rubbing your vaginal area, did he touch your skin, or was he touching over your underpants?

A He was touching my skin.

* * * * * *

Q Okay.

And, during the time he was rubbing your vaginal area, did he ever put his finger inside of you, at all?

A Yes.

Q Do you know how much?

A No.

Appellant was convicted of the same crimes for these acts as he was for daughter one.

Appellant was also convicted of the identical crimes as to daughter three. She testified as follows:

Q What happened, when you and your father got into his bedroom?

A He pulled down my pants—

Q Go ahead.

A He pulled down my pants; and, then, he took off his clothes. And, then, he took a blanket out of the closet. And, after, he put me on the bed; and, then,

he hopped under the blanket, and started touching me on my vagina.

\* \* \* \* \* \*

Q And ... when your father was rubbing your vagina, did his finger go inside of you, at all?

A A little.

Q And, can you explain, to us, what you mean by a little?

A Like, it was, like, he put his—just, like, his finger on my vagina, and rubbed—like, he put his finger halfway in the hole.

Q In the hole, there, by your vagina?

A Yes.

Our analysis of appellant's argument must begin with an examination of A.R.S. § 13–116. That section provides in part: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."

Although Arizona previously used only the "identical elements" test to determine whether the evidence shows that a single act occurred for purposes of § 13–116, *State v. Tinghitella*, 108 Ariz. 1, 3, 491 P.2d 834, 836 (1971), additional factors are now examined as well. The test now applicable is:

[W]e will continue to apply *Tinghitella* and judge a defendant's eligibility for consecutive sentences by considering the facts of each crime separately, subtracting from the factual transaction the evidence necessary to convict on the ultimate charge—the one that is at the essence of the factual nexus and that will often be the most serious of the charges. If the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible under A.R.S. § 13–116. In applying this analytical framework, however, we will then consider whether, given the entire 'transaction,' it was factually impossible to commit the ultimate crime without also committing the secondary crime. If so, then the likelihood will increase that the defendant committed a single act un-

der A.R.S. § 13–116. We will then consider whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime. If so, then ordinarily the court should find that the defendant committed multiple acts and should receive consecutive sentences.

*State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989).

In applying that test to the facts here, we presume that the charge of sexual conduct with a person under fifteen constitutes the "ultimate crime" contemplated by *Gordon* because it involved an act of sexual intercourse although, as we observed in *State v. Boldrey*, 176 Ariz. 378, 382 n. 3, 861 P.2d 663, 667 n. 3 (App.1993), "[i]n the case of a single episode involving several sexual crimes against a child *Gordon* is difficult, if not impossible, to apply." Based on that presumption then, we examine the evidence that supports the charge of engaging in sexual intercourse, defined in A.R.S. § 13–1401(3) as "penetration into the ... vulva ... by any part of the body ... or manual masturbatory contact with the ... vulva." Because each of the three daughters testified that appellant put his finger inside her vagina, the elements of § 13–1405 were met. The evidence remaining was that appellant touched each of the girls' vaginas, evidence sufficient for a conviction under § 13–1410, molestation of a child by touching the child's private parts. Under the identical elements test, therefore, consecutive sentences were permissible.

We next consider the "factual impossibility" test. Under that test, we conclude that it was impossible for appellant to insert his finger in each girl's vagina without also touching her private parts. Pursuant to *Gordon*, that conclusion increases the likelihood that appellant committed a single act under § 13–116.

Finally, we examine the evidence to determine whether appellant's conduct in committing the lesser crime, touching the child's private parts, caused an additional

risk of harm beyond that of the ultimate crime, engaging in sexual intercourse. Given the testimony quoted above, we find no evidence of any increased risk of harm from appellant's touching of the girls' vaginas. Therefore, we agree with appellant that the evidence shows he committed a single act as to counts three and four, eleven and twelve, and fifteen and sixteen, and the trial court erred in imposing consecutive sentences as to those counts.

■ As the state points out, a double punishment issue arguably also exists with respect to daughters one and two. Appellant was convicted both of kidnapping them and of committing a sexual offense on them. Although the indictment alleged that appellant kidnapped them "with the intent to inflict death, physical injury or a sexual offense," the only evidence presented was of an intent to commit a sexual offense. Several sexual offenses were charged, and the outcome of the analysis is not affected by whichever offense we select as the ultimate crime; nevertheless, because appellant was charged with engaging in sexual intercourse as to both girls, we assume that is the ultimate crime. *Boldrey.*

Clearly, application of the identical elements test permits consecutive sentences because the evidence remaining after the sexual intercourse acts are subtracted reveals that appellant knowingly restrained the girls with intent to inflict a sexual offense in violation of § 13–1304. In applying the factual impossibility test, we conclude, as did the supreme court in *Gordon,* that appellant could not have engaged in sexual intercourse with either girl without restraining her movements.

Therefore, we must determine whether the manner in which appellant committed the kidnapping increased the risk of harm to either daughter. The evidence as to daughter one was that appellant grabbed her hand and led her into the bedroom where he committed several sexual offenses, at times lying on top of her. There was no evidence that he hit her or inflicted any physical injury on her. Unlike the facts in *State v. Noble,* 152 Ariz. 284, 731

P.2d 1228 (1987), there was no evidence that he dragged her or continued to restrain her after he concluded his sexual acts. As to daughter one, therefore, consecutive sentences are improper under *Gordon.*

■ As to daughter two, the evidence is more troublesome. She testified that she was sitting in the living room with her seven brothers and sisters when appellant picked her up by the waist and "dragg[ed her] down the hall" while she was grabbing the wall and telling him, "No." Appellant then forced her to lie on the bed while he committed several sexual offenses on her. When appellant got up and went to the bathroom, the daughter ran to her bedroom and locked the door. Because the manner in which appellant restrained daughter two is more akin to the manner in which the kidnapping in *Noble* was committed, we conclude that consecutive sentences were permissible as to her.

Although the state acknowledges that the kidnapping conviction might not meet the additional tests of *Gordon,* it contends that the consecutive sentence requirement of A.R.S. § 13–604.01(J) prevails over the double punishment prohibition of § 13–116 because it is both a more specific and a more recent enactment. We note that not only does § 13–604.01(J) require consecutive sentences, but § 13–1304(B) also requires a consecutive sentence when a kidnapping victim is under the age of fifteen.

■ Under the applicable rules of statutory construction, we are required to construe two apparently conflicting statutes in harmony whenever that is possible. *Pima County v. Maya Construction Co.,* 158 Ariz. 151, 761 P.2d 1055 (1988). In determining the legislative intent of a statute, we examine its policy and the evil it sought to remedy; we also consider its language, context, and effect. *State ex rel. Ross v. Nance,* 165 Ariz. 286, 798 P.2d 1295 (1990).

■ Section 13–116 traces its roots to 1901. Its purpose is to preclude multiple punishments for the same act in violation of the state and federal constitutions.

*State v. Verive*, 128 Ariz. 570, 627 P.2d 721 (App.1981). Section 13–604.01(J) and the applicable amendment to § 13–1304(B), on the other hand, were enacted in 1985 as part of the dangerous crimes against children statutes. Those statutes were adopted as a response to the increase in the number of sexual offenses reportedly committed against children and constitute an attempt to punish severely those persons who commit such crimes, particularly recidivist child molesters. Although the offenses in *Noble* occurred prior to the effective date of the dangerous crimes against children statutes, we nevertheless find persuasive Justice Gordon's observation that the statute at issue there, A.R.S. § 13–604, which governs sentence enhancement for dangerous offenders, "places no limits on a judge's ability to impose consecutive sentences, assuming that the judge has complied with other requirements. *E.g.,* § 13–116, § 13–708." 152 Ariz. at 287, 731 P.2d at 1231. The court thus expressly recognized that § 13–116 is paramount in the statutory scheme of sentencing. As a result, we believe that the proper construction of §§ 13–604.01(J) and 13–1304(B) is that they require a trial court to impose consecutive sentences, but only in the event that those sentences do not violate § 13–116.

Pursuant to that interpretation, we conclude, therefore, that the sentence in count one[2] must be served concurrently to the sentence in count four.

### DOUBLE JEOPARDY

Appellant next contends that the court erred in imposing consecutive sentences, arguing that they violate the double jeopardy provisions of the state and federal constitutions. The cases on which he relies, however, do not support his contention. In *Tookak v. State*, 648 P.2d 1018 (Alaska App.1982), the court held that a defendant could not be convicted and sentenced for both an offense and its lesser-included of-

fense. No lesser-included offenses were involved here. In *Johnson v. State*, 762 P.2d 493 (Alaska App.1988), the court ruled that a defendant could not be convicted of both sexual contact and sexual penetration arising from the same incident. That decision, however, was based on a view Arizona has rejected. *Gordon.*

### JURY INSTRUCTIONS

Appellant contends that the court committed fundamental error in not defining for the jury the meaning of "sexual intercourse" or "private parts." He acknowledges that he did not object below. We note that although those definitions were not read to the jury, they are included in the jury instructions contained in the record.

Fundamental error is error that "goes to the foundation of the case or takes from a defendant a right essential to his defense." *State v. Allen*, 157 Ariz. 165, 170, 755 P.2d 1153, 1158 (1988), quoting *State v. Gamble*, 111 Ariz. 25, 26, 523 P.2d 53, 54 (1974). Appellant's defense was that he did not commit the acts and that his daughters had fabricated their stories because they were jealous of his new wife. In view of that defense, we conclude that appellant was not deprived of a right essential to his defense by the court's failure to read the definitions. We find no fundamental error. *State v. Whittle*, 156 Ariz. 405, 752 P.2d 494 (1988).

### ENHANCEMENT OF COUNTS TWO THROUGH SIX

The state has pointed out that the trial court improperly enhanced appellant's sentences on some counts with prior convictions for offenses that were committed on the same occasion. As a result, we must remand for appellant to be resentenced.

Pursuant to A.R.S. § 13–604(H), offenses committed on the same occasion are counted as only one conviction for en-

---

2. Contrary to the trial court's oral pronouncement at sentencing, *State v. Hanson*, 138 Ariz. 296, 674 P.2d 850 (App.1983), we note that the minute entry states that the sentence in count one is to be served consecutively to the sentence in count two. In view of the fact that appellant must be resentenced on count one, however, we need not correct the minute entry.

hancement purposes. The requirement also applies to dangerous crimes against children. A.R.S. § 13–604.01(H). Because the evidence here was that appellant committed several offenses on five separate occasions, each of which involved a single victim and a continuous series of criminal acts, *State v. Henry*, 152 Ariz. 608, 734 P.2d 93 (1987), the trial court was restricted as to the number of predicate offenses that it could use for enhancement purposes.

We conclude that the court improperly found that counts two through six were separate prior convictions. As to those offenses, appellant must be resentenced as a first-time offender. At the time of resentencing, the trial court can then determine the existence of prior convictions that can properly be used to enhance the sentence imposed in count nine. For counts ten through seventeen and nineteen through twenty-two, the trial court found that appellant had two or more prior convictions, all of which were proper under § 13–604(H). The enhancement of those sentences, therefore, was not error.

Appellant's conviction on count eighteen is vacated. His other convictions are affirmed with the following modifications: the sentences in counts three and four are ordered to be served concurrently, the sentences in counts eleven and twelve are ordered to be served concurrently, and the sentences in counts fifteen and sixteen are ordered to be served concurrently. The case is remanded for appellant to be resentenced on counts one through six and count nine, with the sentences on counts one and four to be served concurrently.

DRUKE, P.J., and HATHAWAY, J., concur.