CONCURRING: JOSEPH W. HOWARD, Chief Judge and MICHAEL MILLER, Judge.

306 P.3d 105

**STATE of Arizona, Appellee,**

v.

**Shawnte Shuree JONES, Appellant.**

**No. 1 CA–CR 11–0230.**

Court of Appeals of Arizona, Division 1, Department A.

July 30, 2013.

Thomas C. Horne, Arizona Attorney General by Joseph T. Maziarz, Chief Counsel, Criminal Appeals/Capital Litigation Division, Jeffrey L. Sparks, Assistant Attorney General, Alice Jones, Assistant Attorney General, Phoenix, for Appellee.

Theresa M. Armendarez, Manteo, NC, for Appellant.

### OPINION

GEMMILL, Judge.

¶ 1 Defendant Shawnte Shuree Jones appeals her convictions and resulting sentences for two counts of child abuse and one count of felony murder arising from the death of her ten-month-old child. In a separate memorandum decision issued contemporaneously with this published opinion, we explain why we are affirming Jones' convictions. In this opinion, we explain our resolution of the sentencing issue presented by an apparent conflict between Arizona Revised Statutes ("A.R.S") sections 13–116 (2010) and 13–705(M) (2010).[1] Only our resolution of this sentencing issue warrants publication. *See* Ariz. R. Sup.Ct. 111(h). The trial court sen-

1. Regarding citations of statutes, we cite the current versions of applicable statutes when no revi-

sions material to this opinion have occurred since the events in question.

tenced Jones to consecutive terms of imprisonment for the felony murder conviction and the Count 2 child abuse conviction, in accordance with A.R.S. § 13–705(M), because the child abuse conviction constituted a dangerous crime against children. But these two convictions arose from the same act or conduct, and we conclude that A.R.S. § 13–116 requires that these sentences be served concurrently. Accordingly, we affirm Jones' sentences but order the sentence on the Count 2 child abuse conviction to be modified so that it shall be served concurrently with the sentence for felony murder.

¶ 2 A grand jury indicted Jones in Count 1 for child abuse, a class two felony and dangerous crime against children, for failing to provide nourishment and/or medical attention to her infant; in Count 2 for child abuse, a class two felony and dangerous crime against children, for causing head injuries to the infant; and in Count 3 for first-degree murder, a class one felony, for causing the death of the child in the course and in furtherance of the child abuse alleged in Count 2.

¶ 3 Jones waived her right to a trial by jury. After a 20–day bench trial, the court found Jones guilty for Count 1 of the lesser-included offense of reckless child abuse, a class three felony, and guilty of the charged offenses in Counts 2 and 3. The court designated the convictions on Counts 2 and 3 as dangerous crimes against children; the conviction for reckless child abuse under Count 1 is not a dangerous crime against children.[2] See A.R.S. §§ 13–705(P) and 13–3623(A)(1). The court sentenced Jones to 3.5 years on Count 1, 17 years on Count 2, and life with the possibility of release after 35 years on Count 3, with the sentences on Counts 1 and 3 to be served concurrently, and the sentence on Count 2 to be served consecutively to the other sentences.

¶ 4 Jones timely appeals, and we have jurisdiction in this matter pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2010), and 13–4033(A) (2010).

¶ 5 We ordered the parties to file supplemental briefs addressing whether the consecutive sentences for Counts 2 and 3 violated the statutory prohibition against double punishment in A.R.S. § 13–116. See State v. Curry, 187 Ariz. 623, 627, 931 P.2d 1133, 1137 (App.1996) (holding that "when an appellate court notes the possibility of fundamental error in a criminal proceeding, it may raise the issue on its own motion and order the parties to submit supplemental briefs addressing the issue"). After further consideration, including review of the parties' supplemental briefs, we conclude that § 13–116 is applicable and mandates concurrent sentences because Counts 2 and 3 are based on the same conduct.

¶ 6 Section 13–116 bars the imposition of consecutive sentences for a single "act or omission which is made punishable in different ways by different sections of the laws." Both Jones and the State agree Appellant's convictions for Counts 2 and 3 were based on a "single act" for purposes of § 13–116. The parties also agree that A.R.S. § 13–705(M) conflicts with the concurrency directive in § 13–116. Section 13–705(M) requires sentences imposed for dangerous crimes against children, not including offenses involving child molestation or sexual abuse with only one victim, to be "consecutive to any other sentence imposed on the person at any time."

¶ 7 When interpreting statutes, our primary goal is to determine and give effect to the intent of the legislature. DeVries v. State, 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009). We first examine the statutory language to determine its meaning. New Sun Bus. Park, LLC v. Yuma County, 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App.2009). We "give full effect to the legislative intent, and each word or phrase must be given meaning so that no part is rendered void, superfluous, contradictory or insignificant." Weitekamp v. Fireman's Fund Ins. Co., 147 Ariz. 274, 275, 709 P.2d 908, 909 (App.1985). When two sentencing statutes appear to conflict, we will attempt to har-

---

2. Although the court designated the first-degree murder conviction on Count 3 as a dangerous crime against children, we note that first-degree murder is not listed as such in the statute. See A.R.S. § 13–705(P). Neither party has raised this issue, and the outcome of this appeal is not affected by the propriety of the designation.

monize them to the extent possible. *State v. Diaz*, 224 Ariz. 322, 324, ¶ 10, 230 P.3d 705, 707 (2010).

¶ 8 The State asserts that § 13–705(M) is an exception to the concurrency directive of § 13–116. Section 13–116 is an older statute with a general application, according to the State, and therefore § 13–705(M) ought to control because it is the more recent, more specific, statute. Although § 13–116 is the older statute, we do not find the relative youth of § 13–705(M) supportive of the State's proffered interpretation. We also disagree with the State's characterization of § 13–116 as a general statute; the statute applies to the specific situation in which a single act is punishable under multiple sections of the law.

¶ 9 This court has previously resolved the apparent conflict between § 13–116 and § 13–705(M) in *State v. Arnoldi*, 176 Ariz. 236, 860 P.2d 503 (App.1993).[3] In *Arnoldi* we concluded "that § 13–116 is paramount in the statutory scheme of sentencing" and that the dangerous crimes against children sentencing statutes "require a trial court to impose consecutive sentences, but only in the event that those sentences do not violate § 13–116." 176 Ariz. at 242, 860 P.2d at 509. *See also State v. McDonagh*, 232 Ariz. 247, 304 P.3d 212 (App.2013) (" 'Section 13–116 traces its roots to 1901' and 'is paramount in the statutory scheme of sentencing.' ") (quoting *Arnoldi*, 176 Ariz. at 241, 242, 860 P.2d at 508, 509).

¶ 10 The State urges us to depart from the holding of *Arnoldi*. We decline to do so. We agree that § 13–116 is "paramount" in Arizona's sentencing statutes, and we also recognize that the legislature has amended the sentencing statutes for dangerous crimes against children multiple times since *Arnoldi* and has made only minor changes. We therefore presume that the legislature approves of the holding in *Arnoldi*. *See Galloway v. Vanderpool*, 205 Ariz. 252, 256–57, ¶¶ 17, 18, 69 P.3d 23, 27–28 (2003) ("If the legislature amends a statute after it has been judicially construed, but does not modify the statute in a manner that changes the court's interpretation, we presume the legislature approved of the court's construction and intended that it remain a part of the statute."). For these reasons, we decline to apply the interpretive principle that the more recent statute automatically prevails over the older statute.

¶ 11 Our analysis also rests in part on the language of § 13–705(M), and particularly on certain language that might have been used by the legislature but was not. First, § 13–705(M) does not contain language indicating that it applies to the "single act" situation specifically addressed in § 13–116. Second, the statute does not contain any commonly used statutory language indicating that it was intended to take precedence over conflicting statutes. The legislature has often used language such as "notwithstanding any other statute" or "notwithstanding any other provision to the contrary" to indicate that a particular provision will trump any conflicting statutes. *See, e.g.,* A.R.S. § 13–3412.01(A), (B) (2010) ("Notwithstanding any law to the contrary...."); A.R.S. § 13–3015(A) (2010) ("Notwithstanding any other provision of this chapter...."); A.R.S. § 36–2531(B) (2009) ("Notwithstanding any other law...."). The absence of such language in § 13–705(M) weighs against the State's argument that § 13–705(M) constitutes an exception to § 13–116, is the more specific statute, and should control on these facts.

¶ 12 The State also contends that the exception contained within the language of § 13–705(M) indicates that the legislature intended the statute to require consecutive sentences for all other situations involving dangerous crimes against children. As the State explains, § 13–705(M) provides one exception to the requirement of consecutive sentences by allowing a "sentence imposed on a person by the court for a dangerous crime against children ... involving child molestation or sexual abuse ... [to] be served concurrently with other sentences if the offense involved only one victim." The presence of this exception does not, however,

---

3. *Arnoldi* addressed the conflict between A.R.S. § 13–116 and former A.R.S. § 13–604.01(J), now renumbered as A.R.S. § 13–705(M). The record here reveals that neither party cited *Arnoldi* to the trial court in conjunction with Jones' sentencing.

mean that the main thrust of § 13–705(M) is itself an exception to the clear requirement under § 13–116 of concurrent sentences for convictions based on the same act. In our view, it is more probable that the legislature did not intend § 13–705(M) to apply to circumstances in which a person faces separate sentences for a "single act." In the absence of language indicating that § 13–705(M) is an exception to the strong concurrency directive in § 13–116, we will not presume the legislature intended to create an exception. *See Estate of McGill ex rel. McGill v. Albrecht,* 203 Ariz. 525, 530–31, ¶ 20, 57 P.3d 384, 389–90 (2002) (stating that a court cannot conclude the legislature meant to require a showing of gross negligence when it did not include the specific language it included in other statutes); *Padilla v. Indus. Comm'n,* 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976) (stating that courts must adhere to "the presumption that what the Legislature means, it will say"); *see also State v. Hamblin,* 217 Ariz. 481, 484, ¶ 11, 176 P.3d 49, 52 (App. 2008) ("We generally 'presume the legislature is aware of existing statutes when it enacts new statutes.'") (quoting *Washburn v. Pima County,* 206 Ariz. 571, 576, ¶ 11, 81 P.3d 1030, 1035 (App.2003)).

¶ 13 Because Jones' convictions for Counts 2 and 3 are based on the same conduct, there is an apparent statutory conflict. We are charged with reasonably harmonizing such statutes. *See Steer v. Eggleston,* 202 Ariz.

523, 527, ¶ 16, 47 P.3d 1161, 1165 (App.2002). The conviction on Count 2 constitutes a dangerous crime against children, and ordinarily § 13–705(M) would require the sentence on Count 2 to be served consecutively to other sentences imposed on Jones. But because Counts 2 and 3 arise from the same conduct, § 13–116 requires concurrent sentences. We harmonize the statutes most fully by resolving the conflict in favor of the statute that specifically addresses offenses arising out of the same conduct and by following *Arnoldi* in concluding that § 13–705(M) requires consecutive sentences except in those rare situations in which § 13–116 applies.[4]

## CONCLUSION

¶ 14 We affirm Jones' convictions and sentences except that we order the sentence on the Count 2 child abuse conviction modified so that Jones' sentences on all three convictions shall be served concurrently.

CONCURRING: MARGARET H. DOWNIE and JON W. THOMPSON, Judges.

---

4. For the sake of clarity and completeness, we also note that Jones' sentence for Count 2 apparently should have been ordered to be served after her sentence on Count 1, under § 13–705(M), because her Count 1 conviction is based on different conduct than her Count 2 conviction and the latter is a dangerous crime against children. The State did not cross-appeal on this issue,

however, and that issue is not properly before us. *See State v. Kinslow,* 165 Ariz. 503, 507, 799 P.2d 844, 848 (1990) (recognizing that an appellate court "will not correct sentencing errors that benefit a defendant, in the context of his own appeal, absent a proper appeal or cross-appeal by the state").