IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Appellee,*

*v.*

**SHAWNTE SHUREE JONES,**
*Appellant.*

No. CR-13-0292-PR
Filed September 3, 2014

Appeal from the Superior Court in Maricopa County
The Honorable Joseph C. Welty, Judge
No. CR2004-036702
**AFFIRMED**

Opinion of the Court of Appeals, Division One
232 Ariz. 448, 306 P.3d 105 (App. 2013)
**VACATED**

COUNSEL:

Thomas C. Horne, Arizona Attorney General, Robert L. Ellman, Solicitor General, Joseph T. Maziarz, Section Chief Counsel, Criminal Appeals Section, Alice Jones (argued), Assistant Attorney General, Phoenix, for State of Arizona

Theresa M. Armendarez (argued), Manteo, NC, for Shawntee Shuree Jones

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICE BERCH, and JUSTICE TIMMER joined.

JUSTICE BRUTINEL, opinion of the Court:

**¶1**     A.R.S. § 13-116 requires that concurrent sentences be imposed on a defendant whose convictions stem from a single act. Conversely, A.R.S. § 13-705(M) requires that sentences imposed on a defendant convicted of certain dangerous crimes against children run consecutively even when the underlying convictions arise from a single act. Resolving the conflict between these statutes, we hold that the trial court properly imposed consecutive sentences pursuant to § 13-705(M).

## I.  BACKGROUND

**¶2**     Shawnte Jones called 911 to report that her daughter had accidentally fallen and was not breathing. Paramedics rushed the child to the hospital, but she died a few days later. The medical examiner noted seven recent head contusions and determined that the child's death was caused by "blunt force head trauma." Finding that the child's injuries were inconsistent with Jones' claim that her daughter accidentally fell, the medical examiner instead classified the child's death as a homicide.

**¶3**     Jones was charged with child abuse for failing to provide nourishment and/or medical attention to her daughter ("Count 1"), child abuse for inflicting the head injuries ("Count 2"), and first degree murder ("Count 3"). After Jones waived her right to a jury trial, the trial court convicted her on Count 1 of the lesser-included offense of reckless child abuse and on the other offenses as charged. The court sentenced her to 3.5 years in prison on Count 1, to be served concurrently with a sentence of life with the possibility of release after 25 years on Count 3, and to a consecutive term of 17 years in prison on Count 2.

**¶4**     Jones timely appealed. The court of appeals affirmed Jones' convictions but modified her sentence to make Count 2 concurrent, rather than consecutive, to the other sentences. *State v. Jones*, 232 Ariz. 448, 451 ¶ 14, 306 P.3d 105, 108 (App. 2013).

**¶5**     We granted review to resolve the conflict between §§ 13-116 and 13-705(M), a legal issue of statewide importance. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II. ANALYSIS

**¶6**         We review questions of statutory interpretation de novo. *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6, 160 P.3d 166, 168 (2007).   In interpreting statutes, we seek to effectuate the intent of the legislature that enacted them.  *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8, 296 P.3d 42, 46 (2013).  When two statutes conflict, we adopt a construction that reconciles them whenever possible, giving force and meaning to each. *UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, 333 ¶ 28, 26 P.3d 510, 516 (2001).

**¶7**         Sections 13-116 and 13-705(M) both potentially apply to sentences for dangerous crimes against children arising from a single act or omission.  Section 13-116 mandates that "an act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."   Conversely, § 13-705(M) requires consecutive sentences for certain dangerous crimes against children, including child abuse as charged in Count 2 as well as "child molestation and sexual abuse of the same victim."[1] *See* A.R.S. §§ 13-705(M); 13-705(P)(1)(h); 13-3623(A)(1).

**¶8**         Thus, by their terms, § 13-116 requires concurrent sentences when multiple convictions arise from a single act or omission, while § 13-705(M) requires consecutive sentences for all dangerous crimes against children except child molestation and sexual abuse.  The statutes conflict, and cannot be harmonized.  When "two conflicting statutes cannot operate contemporaneously, the more recent, specific statute governs over an older, more general statute." *UNUM Life Ins. Co.*, 200 Ariz. at 333 ¶ 29, 26 P.3d at 516.

**¶9**         But the court of appeals in this case declined to apply this principle, relying instead on *State v. Arnoldi*, 176 Ariz. 236, 860 P.2d 503 (App. 1993).  In *Arnoldi*, the court of appeals found that "§ 13-116 is paramount in the statutory scheme of sentencing," and concluded that consecutive sentences may be imposed under the dangerous crimes against children statutes − including § 13-705(M) − "only in the event that those

---

[1]     Section 13-705(M) allows a concurrent sentence only for child molestation and sexual abuse involving one victim and when the "other" crime is not dangerous. *See State v. Tsinnijinnie*, 206 Ariz. 477, 479–80 ¶¶ 11–17, 80 P.3d 284, 286–87 (App. 2003).

sentences do not violate § 13-116," *Id.* at 242, 860 P.2d at 509. [2] *Arnoldi*, however, was incorrectly decided.

**¶10** The *Arnoldi* court based its decision on this Court's ruling in *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987), concluding that *Noble* "expressly recognized that § 13-116 is paramount in the statutory scheme of sentencing." *Arnoldi*, 176 Ariz. at 242, 860 P.2d at 509. But *Noble* did not hold this. Noble's convictions resulted from separate acts; therefore, § 13-116 simply did not apply. *See Noble*, 152 Ariz. at 287, 731 P.2d at 1231. Because the *Arnoldi* court incorrectly applied the holding in *Noble*, we overrule *Arnoldi*.

**¶11** In applying the rule that the more recent and specific statute applies, we acknowledge that reasonable people can disagree about which statute is more specific. Although it applies to all offenses, § 13-116 addresses only the situation in which a single act or omission is punishable under more than one statute. In contrast, § 13-705(M) applies to all dangerous crimes against children with narrow exceptions. Although it is not clear which statute is more specific, it is clear which statute is more recent. Section 13-116 traces its roots to 1901, whereas § 13-705 was enacted in 1985. 1985 Ariz. Sess. Laws 1435–37, ch. 364, § 6 (1st Reg. Sess.). Even if the statutes are equally specific, unless the legislature clearly indicated otherwise, § 13-705(M) should govern because it is more recent. No such indication is present.

**¶12** Additionally, the court of appeals erred in relying on the "legislative acquiescence" doctrine, reasoning that "the legislature has amended the sentencing statutes for dangerous crimes against children multiple times since *Arnoldi* and has made only minor changes." *Jones*, 232 at 450 ¶ 10, 306 P.3d at 107. Under this doctrine, "when a statute construed by a *court of last resort* is reenacted in substantially the same terms, the [l]egislature is presumed to have approved the judicial construction and to have adopted such construction for the reenactment of the statute." *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 296–97, 697 P.2d 684, 689–90 (1985) (emphasis added). Even if *Arnoldi* were otherwise persuasive, the

---

[2] The court of appeals in *Arnoldi* was asked to construe A.R.S. § 13-604.01(J), a predecessor to § 13-705(M). Because the language is the same, we cite the current version of the statute.

legislative acquiescence doctrine would not apply because the court of appeals is not a court of last resort.

**¶13** Finally, we reject Jones' contention that § 13-705(M)'s mandate for consecutive sentences violates the double jeopardy clause of either the state or federal constitutions. The double jeopardy clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). However, "when statutes describe different offenses, consecutive sentences are permissible without implicating the prohibition against double jeopardy." *State v. Eagle*, 196 Ariz. 188, 190 ¶ 6, 994 P.2d 395, 397 (2000). The same conduct may result in different offenses if each offense "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Here, the two separate offenses, first degree murder and child abuse, each requires proof of facts not required for the other. *State v. Lopez*, 174 Ariz. 131, 143, 847 P.2d 1078, 1090 (1992) (child abuse is not a lesser-included offense of murder and does not merge into homicide). Murder requires causing the death of another, whereas child abuse requires a child victim. *See* A.R.S. §§ 13-1105(A)(2); A.R.S. § 13-3623(A). Thus, each offense requires an element that the other does not. Jones' consecutive sentence does not violate the double jeopardy clause.

### III. CONCLUSION

**¶14** The trial court properly ordered Jones' sentence on Count 2 to be served consecutively to her other sentences. We vacate the court of appeals' opinion and affirm the judgment of the trial court.