NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES RAYMOND GONZALEZ, *Appellant.*

No. 1 CA-CR12-0773
FILED 12-04-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-160623-001
The Honorable Pamela D. Svoboda, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

The Gillespie Law Firm, Phoenix
By Craig C. Gillespie, Dave Roscoe
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Randall M. Howe joined.

---

**T H U M M A,** Judge:

¶1           This matter is on remand from the Arizona Supreme Court to consider Defendant James Raymond Gonzalez' appeal from his kidnapping and sexual conduct with a minor convictions and resulting sentences. Gonzalez argues (1) the verdict forms were deficient; (2) insufficient evidence supports the sexual conduct with a minor conviction and (3) the superior court erred in imposing consecutive sentences. For reasons set forth below, the convictions and sentences are affirmed as modified.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2           The charges arise out of an incident in April 2009 when Gonzalez, the victim's cousin and the victim's uncle entered the victim's home. The victim, who was thirteen years old at the time, was home alone asleep on a couch with her two-year old twin sisters.

¶3           The victim testified that Gonzalez pulled down her pants, got on top of her and "put his penis in my vagina" and in her anus "a little bit" and it hurt. After Gonzalez got off her, the victim went to the bathroom and felt something "sticky" on her leg that looked "like spit[,] like saliva." Gonzalez gave the victim $20 and told her "not to tell nobody." Gonzalez then sat in the living room between the victim's twin sisters.

¶4           A short time later, when the victim's mother returned home, the victim ran to meet her and told her what happened. The victim's mother started "hitting" and "stomping" on Gonzalez who was lying on the floor, pretending to be passed out or asleep, and eventually Gonzalez left. The police were called several hours after the assault.

---

[1] This court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008).

¶5        The State charged Gonzalez with Count 1, kidnapping, a Class 2 felony and dangerous crime against children; Count 2, sexual conduct with a minor under the age of fifteen (to wit: anal intercourse), a Class 2 felony and dangerous crime against children; and Count 3, sexual conduct with a minor under the age of fifteen (to wit: penile/vaginal intercourse), a Class 2 felony and dangerous crime against children.

¶6        After a six-day trial, the jury found Gonzalez guilty of Counts 1 and 2 but not guilty of Count 3. The superior court sentenced Gonzalez to "less than presumptive" prison terms of "15 flat years" for the kidnapping offense (Count 1) and "18 flat years" for the sexual conduct offense (Count 2), with the sentence for Count 2 to run consecutively to the sentence for Count 1. On Gonzalez' timely appeal, this court affirmed the convictions and affirmed the sentences as modified to omit the requirement that Gonzalez pay for DNA testing, with the majority of the court also modifying the sentences so that they would be served concurrently. *See State v. Gonzalez*, 1 CA–CR 12-0773, 2013 WL 6200093 (Ariz. App. Nov. 26, 2013) (mem. dec.) (2 to 1 decision regarding concurrent sentencing). The Arizona Supreme Court later granted the State's petition for review, vacated this court's decision and remanded to this court "for reconsideration in light of *State v. Jones*," 235 Ariz. 501, 334 P.3d 191 (2014). *State v. Gonzalez*, CR–13–0452–PR, 2014 WL 5390417 at 1 (Ariz. Sept. 23, 2014). This court has now considered briefs filed by the parties after remand addressing *Jones* and has jurisdiction over Gonzalez' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2014),[2] 13-4031 and 13-4033.

## DISCUSSION

I.        **The Verdict Forms Did Not Constitute Fundamental Error.**

¶7        Gonzalez argues the superior court erred by not *sua sponte* indicating "anal intercourse" on the verdict form for Count 2 and "penile/vaginal intercourse" on the verdict form for Count 3, thereby distinguishing the factual bases for the two sexual conduct charges. Gonzalez argues that, consequently, the verdict forms were incomplete and the jury may have been confused about the nature of the charges alleged in Counts 2 and 3. Gonzalez did not timely object to the verdict forms; in fact,

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

he expressly approved of the verdict forms before they were presented to the jury.

¶8            Gonzalez sought an extension of time to file a motion for new trial and, more than 10 days after the verdict, filed a motion for a new trial purporting to challenge the verdict forms, which was denied. "A motion for a new trial shall be made no later than 10 days after the verdict has been rendered." Ariz. R. Crim. P. 24.1(b). As noted in the comment to Rule 24.1(b), the Arizona Supreme Court "has held that the time limit is jurisdictional; a trial court has no power to grant a new trial after its expiration. *State v. Hill*, 85 Ariz. 49, 330 P.2d 1088 (1958)." *Accord State v. Hickle*, 129 Ariz. 330, 332, 631 P.2d 112, 114 (1981). Accordingly, the superior court lacked jurisdiction to consider the untimely motion for new trial, meaning that motion does not constitute a timely objection to the verdict forms. *See* Ariz. R. Crim. P. 21.3.

¶9            Because Gonzalez did not timely object to the verdict forms, this court's review on appeal is limited to fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19–20, 115 P.3d 601, 607 (2005). "Accordingly, [Gonzalez] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (quoting cases). Gonzalez has not met this burden.

¶10           Although the better practice might have been to indicate the specific conduct alleged in each count (which could be done by using the "to wit" designations in the indictment), by rule, a verdict form must "specify each count or offense" to which the form pertains. Ariz. R. Crim. P. 23.2(c). The verdict forms here clearly specified that Counts 2 and 3 related to the offenses of sexual conduct with a minor. Therefore, the verdict forms used complied with the rule.

¶11           Apart from compliance with the applicable rule, Gonzalez has not shown any prejudice. At the beginning of trial, the clerk read the indictment to the jury. The indictment clearly differentiated the two offenses by stating, for Count 2, "to wit: anal intercourse" and for Count 3, "to wit: penile/vaginal intercourse." Gonzalez' defense at trial was that he did not commit the charged offenses. In addition, jury instructions given by the superior court included the directives that each count charged a separate and distinct offense, that the jury needed to decide each count separately and that the jury's finding for each count had to be stated in a separate verdict. In closing argument, Gonzalez' counsel reminded the jury that Count 2 charged "anal intercourse, sexual conduct with a minor  . . .

Count 2 involves the anus" and that "Count 3 involves vaginal intercourse, sexual conduct with a minor vaginally." Moreover, the jury found Gonzalez guilty of Count 2 but not guilty of Count 3. This record indicates the jury followed the instructions, separately decided the counts and found the State had proven one sexual conduct charge beyond a reasonable doubt but had not proven the other sexual conduct charge beyond a reasonable doubt.

¶12　　　　On this record, Gonzalez has not shown that a lack of specificity on the verdict forms went to the foundation of his case or deprived him of a right essential to his defense or of a fair trial regarding the separate sexual conduct charges. *Henderson*, 210 Ariz. at 568 ¶ 24, 115 P.3d at 608 (error is fundamental if a defendant shows "that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial"). Accordingly, Gonzalez has not shown that the verdict forms used for Counts 2 and 3 were fundamental, prejudicial error.

## II.　　Substantial Evidence Supports The Conviction For Count 2.

¶13　　　　Gonzalez argues that the superior court erred in denying his motion for judgment of acquittal on Count 2 based on a lack of substantial evidence. Gonzalez claims the State was compelled to present something more than the victim's testimony that the crime alleged in Count 2 occurred.

¶14　　　　The "question of sufficiency of the evidence is one of law, subject to de novo review on appeal." *State v. West*, 226 Ariz. 559, 562 ¶ 15, 250 P.3d 1188, 1191 (2011) (citation omitted). A motion for judgment of acquittal before verdict should be granted "if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212 ¶ 87, 84 P.3d 456, 477 (2004). If reasonable persons can fairly differ about whether the evidence establishes a fact, then the evidence is substantial. *Id.*

¶15　　　　As to Count 2, the victim testified that Gonzalez "tried to put [his penis] in [her] butt." She "told him that it hurt," but "he just didn't stop." When asked if Gonzalez' penis went in "a little bit," the victim replied, "A little bit, yeah." On cross-examination, the victim testified that she "yelled out it hurts" when being assaulted anally. This testimony alone is substantial evidence supporting the charge in Count 2. *See State v. Munoz*, 114 Ariz. 466, 469, 561 P.2d 1238, 1241 (App. 1976).

¶16 Gonzalez maintains that the victim's testimony was insufficient because the State presented no corroborating physical evidence of anal penetration. The forensic nurse, however, testified that the victim reported anal penetration to her and that, in her experience, it was not unusual for victims of anal assaults to exhibit no physical evidence of penetration. The credibility of witnesses is a matter for the jury to decide. *State v. Williams*, 209 Ariz. 228, 231 ¶ 6, 99 P.3d 43, 46 (App. 2004). On this record, substantial evidence supported the charge and conviction on Count 2.

III.    **The Superior Court Properly Imposed A Consecutive Sentence For Count 2.**

¶17 The superior court ordered that the sentence for Count 2 be served consecutively to the sentence for Count 1. By statute, the Legislature prohibits double punishment for the same act as follows: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13-116. By statute, the Legislature also directs that that a sentence for a dangerous crime against children offense "shall be consecutive to any other sentence imposed on the person at any time." A.R.S. § 13-705(M). As applied, the State argues that "[c]onsecutive sentences were mandated pursuant to A.R.S. § 13-705(M)," while Gonzalez argues that consecutive sentences were illegal given A.R.S. § 13-116. Because Gonzalez did not object at sentencing, the review on appeal is for fundamental, prejudicial error, recognizing that the imposition of an illegal sentence constitutes fundamental, prejudicial error. *State v. Martinez*, 226 Ariz. 221, 224 ¶ 17, 245 P.3d 906, 909 (App. 2011).

¶18 In *State v. Jones*, the Arizona Supreme Court held that A.R.S. § 13-705(M) "requires that sentences imposed on a defendant convicted of certain dangerous crimes against children run consecutively even when the underlying convictions arise from a single act," even in light of A.R.S. § 13-116. 235 Ariz. 501, 502 ¶ 1, 334 P.3d 191, 192 (2014). In doing so, the court overruled *State v. Arnoldi*, 176 Ariz. 236, 860 P.2d 503 (App. 1993), which had adopted a contrary approach. *Jones*, 235 Ariz. at 503 ¶ 10, 334 P.3d at 193.

¶19 Although Gonzalez argues *Jones* "was wrongly decided," it is binding precedent in Arizona. *See State v. Smyers*, 207 Ariz. 314, 318 n.4 ¶ 15, 86 P.3d 370, 374 n.4 (2004). Gonzalez also argues *Jones* is distinguishable because, "[u]nder the single impulse doctrine," Counts 1 and 2 merge and he "may be punished only once." Gonzalez, however, cites no Arizona case

law applying the "single impulse doctrine." Moreover, the separate offenses each requires proof of facts not required for the other. *See* A.R.S. § 13-1405(A), (B) ("A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is," as applicable here, "under fifteen years of age"); A.R.S. § 13-1304(A)(3) ("A person commits kidnapping by knowingly restraining another person with the intent to . . . [i]nflict death, physical injury or a sexual offense on the victim, or to otherwise aid in the commission of a felony"). "Thus, each offense requires an element that the other does not," meaning the sentences imposed do "not violate the double jeopardy clause." *Jones*, 235 Ariz. at 504 ¶ 13, 334 P.3d at 194. Accordingly, the superior court properly imposed consecutive sentences.[3]

## CONCLUSION

¶20        Gonzalez' convictions are affirmed and his sentences are affirmed as modified to omit the requirement that he pay for the cost of DNA testing.



**Ruth A. Willingham** · Clerk of the Court
FILED: gsh

---

[3] The superior court also ordered Gonzalez to "pay the applicable fee for the cost of" DNA testing. In *State v. Reyes*, this court held that A.R.S. § 13–610 does not authorize the court to impose a DNA testing fee on a convicted defendant. 232 Ariz. 468, 472 ¶ 14, 307 P.3d 35, 39 (App. 2013). Accordingly, pursuant to *Reyes*, which was issued after Gonzalez was sentenced, the superior court erred by imposing the DNA testing fee. Therefore, the sentence is modified to omit the requirement that Gonzalez pay for the cost of DNA testing.