IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AARON WILLIAM KIRSTEN, *Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION,
MOTOR VEHICLE DIVISION, *Appellee*.

No. 1 CA-CV 24-0092

FILED 10-01-2024

Appeal from the Superior Court in Coconino County
No.  S0300CV202300283
ADOT No. AP34496601
The Honorable Stacy Lynn Krueger, Judge

**VACATED AND REMANDED**

COUNSEL

John Trebon P.C., Flagstaff
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Erik T. Cooper
*Counsel for Appellee Arizona Department of Transportation*

—————————————————

**OPINION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

—————————————————

**J A C O B S**, Judge:

¶1          Aaron Kirsten ("Kirsten") appeals an Arizona Department of Transportation ("ADOT") order administratively suspending his driver's license for ninety days because his blood contained metabolites of Tetrahydrocannabinol ("THC") after a traffic stop.  Through Proposition 207, the people of Arizona enacted A.R.S. § 36-2852(A), which legalized the use of marijuana, subject to exceptions not relevant here.  Absent impairment while driving, A.R.S. § 36-2852(A)(1) bars the State from penalizing the legal use of marijuana by limiting Kirsten's driving privileges.  Because the State did not show Kirsten was impaired to any degree, and because the order administratively suspending his license is premised on the lack of any requirement of impairment, we vacate the superior court's order affirming the ADOT order and direct the entry of an order voiding the suspension of Kirsten's license.

**FACTS AND PROCEDURAL HISTORY**

¶2          In the early morning hours of October 28, 2022, a Sedona police officer stopped Kirsten for speeding.  During the traffic stop, the officer noticed Kirsten had bloodshot, watery eyes, slurred speech, and was unsteady on his feet.  The officer conducted a preliminary breath test.  Kirsten blew a blood alcohol content ("BAC") of 0.083, but refused to take a standardized field sobriety test.  The officer arrested Kirsten for driving while under the influence pursuant to A.R.S. § 28-1381.

¶3          While in custody, Kirsten voluntarily submitted to blood tests and a deputy with the Yavapai County Sheriff's Office conducted a blood draw.  A forensic scientist with the Northern Regional Crime Laboratory of the Arizona Department of Public Safety ("DPS") analyzed Kirsten's blood and found Kirsten's BAC at the time of the blood draw was 0.063, below the concentration of 0.08 that gives rise to the presumption of intoxication in A.R.S. § 28-1381(G)(3).  A different DPS forensic scientist analyzed Kirsten's blood for drugs and found Kirsten's blood contained 11 +/- 3 nanograms per milliliter of THC, the active ingredient of cannabis.

¶4          ADOT suspended Kirsten's driver's license for ninety days. Kirsten requested a stay of ADOT's order and an administrative hearing. At the administrative hearing, the officer testified to Kirsten's appearance and behavior during the traffic stop. Further, Kirsten's blood test results and a supporting forensic scientist's affidavit showing presence of cannabinoid metabolites in his blood were admitted into evidence. Kirsten testified he did not consume marijuana within twenty-four hours of the traffic stop. Kirsten's witness, Dr. Dennis Kirsten, a chiropractor and nurse practitioner, testified THC can stay in a person's system for weeks; and the presence of THC in blood does not necessarily indicate impairment or that the person used marijuana within forty-eight hours of the blood draw.

¶5          After considering the evidence and argument, an Administrative Law Judge ("ALJ") affirmed the ninety-day suspension, reasoning that Kirsten was driving under the influence because his blood contained cannabinoid metabolites. The ALJ ruled that the State was not required to show Kirsten was impaired, but was only required by A.R.S. § 28-1385(M)(1) and (M)(3)(b) to show that the arresting officer had reasonable grounds to believe Kirsten was driving while under the influence and that he had metabolites of cannabis in his body. The ALJ concluded that "[w]hether or not Petitioner smoked marijuana within twenty-four hours or if Petitioner thought he was impaired is irrelevant." The ALJ also rejected Kirsten's other challenges to the testing, which are not at issue here, including the accuracy of the evaluation of his blood, and the propriety of the methods used to analyze it.

¶6          Kirsten timely appealed. The superior court affirmed, adopting the ALJ's reasoning that the arresting officer had reasonable grounds to believe Kirsten was under the influence, and that valid and reliable testing showed cannabinoid metabolites in Kirsten's body while driving. The court found that A.R.S. § 36-2852, which outlines allowable possession and use of marijuana and prohibits penalties for the mere fact of its legal use, did not conflict with A.R.S. § 28-1385(M), which allows an administrative driver's license suspension if any cannabis metabolites are in a person's body while they drive. The court found the ALJ did not err by finding "impairment was not at issue." The court concluded that, in A.R.S. § 28-1385, "[t]he legislature has determined that there will be zero tolerance levels for all drugs."

¶7          Kirsten timely appealed to this court. We have jurisdiction pursuant to A.R.S. § 12-913, JRAD 13(a) & (b), and Article 6, Section 9 of the Arizona Constitution. *See Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533 ¶ 13 (App. 2014).

## DISCUSSION

¶8        "We review questions of statutory interpretation de novo and construe ballot measures to effect the voters' intent." *State v. Gear*, 239 Ariz. 343, 345 ¶ 11 (2016). "The most reliable indicator of that intent is the language of the statute, and if it is clear and unambiguous, we apply its plain meaning and the inquiry ends." *State v. Jones*, 246 Ariz. 452, 454 ¶ 5 (2019). When statutes conflict, "we adopt a construction that reconciles them whenever possible, giving force and meaning to each." *State v. Jones*, 235 Ariz. 501, 502 ¶ 6 (2014).

**Arizona Revised Statutes §§ 36-2851 and -2852 Do Not Permit the State to Suspend Kirsten's License for the Presence of Metabolites of Cannabis in His Blood Without Showing Any Impairment.**

¶9        Kirsten argues the presence of THC in his blood alone, without a showing of impairment, is insufficient to administratively suspend his driver's license. Kirsten reasons that, because A.R.S. § 36-2852(B) requires impairment to convict him of driving under the influence, the ALJ erred in applying A.R.S. § 28-1385's administrative license suspension provisions to him. The State responds that (1) A.R.S. § 36-2852 did not blanketly legalize driving after prior marijuana use, thus permitting the administrative suspension of his driver's license because his blood contained metabolites of cannabis, and (2) the record shows Kirsten was impaired, allowing us to affirm on that alternative basis.

¶10        Two different provisions in Proposition 207 explain how to reconcile A.R.S. § 36-2852 with A.R.S. § 28-1385. Those provisions, taken together, do not allow the State to administratively suspend Kirsten's license for impaired driving on the basis of a finding of cannabis metabolites in his body.

¶11        The first of the two provisions is A.R.S. § 36-2852(A). Suspending Kirsten's license under A.R.S. § 28-1385(M)(3)(b) for the presence of cannabis metabolites in his blood without a finding of impairment impermissibly conflicted with A.R.S. § 36-2852(A). It imposed a penalty on Kirsten for reason of his otherwise legal use of marijuana. The voters ruled that out in A.R.S. § 36-2852(A) when they provided that "notwithstanding any other law," which includes A.R.S. § 28-1385(M), the State cannot "abrogat[e] or limit[] any right or privilege conferred or protected by the laws of this state . . . ." A.R.S. § 36-2852(A). The superior court rightly noted that driving in Arizona is privilege. The voters thus included Kirsten's driving privileges in the set of things the State could not

abrogate for prior marijuana use, "[e]xcept as specifically and expressly provided in [A.R.S.] §§ 36-2851 and 36-2853 . . . ."  A.R.S. § 36-2852(A).

¶12      The voters specified in A.R.S. § 36-2851(3) that the State may "impos[e] penalties for driving . . . while impaired to even the slightest degree by marijuana."  A.R.S. § 36-2851(3).  But that was not the case here. Instead, the State claims it can suspend Kirsten's privilege of driving for his prior use of marijuana, as evidenced by metabolites of cannabis in his blood, without any impairment.  While that's a correct reading of A.R.S. § 28-1385(M), it is not one that survives the enactment of A.R.S. § 36-2852(A) and A.R.S. § 36-2851(3).  *See State v. Gomez*, 212 Ariz. 55, 57 ¶ 11 (2006) (explaining that a court's "primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate"); *Molera v. Reagan*, 245 Ariz. 291, 294 ¶ 9 (2018) (explaining that "courts must not intrude on the people's power to legislate" and that voter-enacted laws are "even more consequential" than those enacted by the legislature) (citing Ariz. Const. art. 4, pt. 1, § 1(6)(C)).

¶13      The second provision is A.R.S. § 36-2852(B), which provides that "[n]otwithstanding any other law," Kirsten could only be guilty of violating A.R.S. § 28-1381(A)(3), which makes driving with any metabolites of cannabis in one's body illegal, if he was "also impaired to the slightest degree."  A.R.S. § 36-2852(B).  This reinforces our understanding of the voters' intent, expressed through their enactment of Proposition 207, that unimpaired driving after consuming marijuana cannot be penalized.  *Gear*, 239 Ariz. at 345 ¶ 11; *Jones*, 246 Ariz. at 454 ¶ 5.  The design of Proposition 207 is unambiguous.  The slightest degree of impairment is required before the State may punish prior marijuana use.

¶14      Finally, after litigating this case on the theory that impairment was not required, and having chosen not to argue from the officer's testimony that Kirsten was impaired, the State now asks us to affirm on the basis that Kirsten was actually impaired.  The State waived that position by choosing not to pursue it.  *BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 594 ¶ 25 (App. 2021) ("If the argument is not raised below so as to allow the trial court such an opportunity, it is waived on appeal.") (quoting *Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011)).  Our decision does not portend a significant change in how these proceedings work.  The State can argue that persons situated like Kirsten were impaired, using the same proofs ordinarily advanced to show "reasonable grounds to believe the person was driving . . . while under the influence of . . . drugs."  A.R.S. § 28-1385(M).

¶15 The plain language of Proposition 207 answers the questions this case poses. *In re Riggins*, 257 Ariz. 1, 4 ¶ 12 (2024) ("If a statute's text is plain and unambiguous, it controls unless it results in an absurdity or a constitutional violation.").

## CONCLUSION

¶16 We vacate the decision of the superior court, and direct it to enter an order voiding the suspension of Kirsten's license.

