635 P.2d 180

STATE of Arizona, Appellee,

v.

Edward (NMN) JACKSON, Jr., Appellant.

No. 2 CA–CR 2086.

Court of Appeals of Arizona, Division 2.

July 6, 1981.

Rehearing Denied Sept. 2, 1981.

Review Denied Sept. 29, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Stuart L. Fauver, Sierra Vista, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant pled guilty to aggravated assault, a class 3 felony, A.R.S. § 13–1204(A)(1) and (2) and (B), as a dangerous nature crime, A.R.S. § 13–604(G) and was given an aggravated sentence of 10 years imprisonment. He appeals from the sentence.

Appellant makes four arguments:

1) That the trial court could not consider a prior conviction as an aggravating circumstance when an allegation of that prior was dismissed pursuant to his plea agreement.

2) That there was insufficient evidence for the trial court to find him an habitual criminal and recidivist.

3) That unreliable and nonrelevant hearsay was admitted in the sentencing hearing.

4) That his trial counsel was unduly restricted in cross-examination at the sentencing hearing.

We find no reversible error and affirm.

Appellant, a 31-year-old man, shot a 17-year-old boy in the leg with a shotgun during an altercation outside a house trailer in Huachuca City, Cochise County, Arizona. The resulting injury was both serious and permanent. There was no apparent reason or justification for the assault.

According to the presentence report, which was not contested, appellant had four prior misdemeanor criminal offenses: two counts, assault and battery in Michigan in 1968; two counts, illegal possession of dangerous drugs in Kentucky in 1970;[1] violation of state narcotics laws (possession) in Michigan in 1970; and flourishing a deadly weapon in Kentucky in 1972. The 1970 Kentucky conviction was alleged as a prior felony conviction. Appellant admitted the conviction at his change of plea hearing but said it was reduced to a misdemeanor.

---

1. Since appellant was sentenced to one year in the penitentiary, probated five years, on this charge, it appears to us this was a felony.

2. Since this crime was admitted to be of a dangerous nature the sentencing provisions of A.R.S. § 13–604 are applicable.

### *Prior Conviction*

■ The allegation of prior conviction was filed pursuant to A.R.S. § 13–604 which provides, inter alia, for a longer sentence where the defendant has a prior felony conviction which is alleged and admitted or proved, A.R.S. § 13–604(K). If the prior is alleged and proved the presumptive sentence is longer. The dismissal of the allegation makes A.R.S. § 13–604 inapplicable as it pertains to enhanced punishment for prior convictions, but A.R.S. § 13–702 still provides that the shorter presumptive sentence may be aggravated. The only effect of the dismissal is to limit the use of the prior conviction in the sentencing to A.R.S. § 13–702.[2] The prior may still be used as an aggravating circumstance under A.R.S. § 13–702(D)(9), "[a]ny other factors which the court may deem appropriate to the ends of justice."[3] The court is not required to disregard a prior criminal record just because the allegation of the prior has been dismissed. *Cf. State v. Martinez*, Ariz.App., 634 P.2d 7 (1981) (held that prior convictions used to enhance punishment under A.R.S. § 13–604 could also be used as an aggravating circumstance under A.R.S. § 13–702).

### *Recidivist*

■ At the sentencing hearing the trial court stated the aggravating circumstances that it found called for a longer sentence. Among these was the criminal record we have previously described. By way of explanation the trial judge labeled the appellant an habitual criminal and recidivist. These labels were not for the purpose of bringing appellant's sentencing under the provisions of A.R.S. § 13–604 as they might be if a prior felony conviction had been proven. Rather, they were terms the judge

---

3. A.R.S. § 13–702(D) is applicable to a dangerous nature offense. *See* A.R.S. § 13–604(F) and (G).

believed descriptive of appellant's prior conduct. No error was committed by the use of these words.

### Hearsay

 The court received evidence during a two-day sentencing hearing concerning an aborted sale of 1000 M–1 rifles by appellant to undercover officers. Actually what may have been planned was the ripoff of $200,000 from the officers since there was no evidence that the rifles actually existed. The witnesses who testified related hearsay from a confidential informer and other officers. Appellant overlooks the fact that the witness discussed this "deal" with appellant by phone. Viewed in the totality of all the evidence on this issue, the trial court did not err in admitting it and considering it reliable.

Appellant also complains that the police chief testified about a friend who told him someone else had overheard appellant make a statement at the time he purchased the shotgun that "now, I can go to Huachuca City and raise hell". This was triple hearsay and should not have been permitted. It was but one minor bit of evidence in a lengthy hearing. Although prejudicial, the error was harmless and does not justify reversal.

### Cross Examination

Appellant complains of three instances where the trial judge sustained objections to questions asked by defense counsel on cross-examination. Two of these questions may have led to the identity of the informant on the gun deal and the action of the trial court was proper. The last question to which objection was sustained inquired into the witness' use of drugs. The ruling, based on relevancy, was correct.

### Summary

The trial court aggravated appellant's sentence because of his record and use of violence. It found him to be dangerous. The record supports these findings. The court was under the mistaken understanding that it could not consider the use of the deadly weapon and infliction of serious bodily injury because of their use in making the assault aggravated. A.R.S. § 13–1204(A)(1) and (2). The court could also have used these facts as aggravating circumstances under A.R.S. § 13–702(D)(1) and (2). *See State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980); *State v. Inglish*, Ariz.App., 631 P.2d 1102 (1981).

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.