NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JAMES PALMER SWINDLE, *Petitioner.*

No. 1 CA-CR 16-0312 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-009407-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

James Palmer Swindle, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1 Petitioner James Palmer Swindle ("Swindle") petitions for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Swindle entered a plea agreement and pled guilty to three counts of sexual conduct with a minor and was sentenced on Count 1 (as a repetitive offender) to a term of 1.75 years' imprisonment, and to lifetime probation on Counts 2 and 3, all pursuant to stipulations in the plea. All three counts alleged acts committed on or between October 15, 2011, and December 24, 2011, but alleged different incidents — the first act of "penile/vaginal sexual intercourse," the second act of "penile/oral copulation," and the last act of "penile/vaginal intercourse." The record of the superior court shows he did not seek review of his plea and sentence.

¶3 Swindle's probation officer later filed a petition to revoke his probation for multiple alleged violations and issued a warrant. Swindle admitted to violation of his probation on both Counts 2 and 3. The superior court revoked his probation as to both counts and sentenced him to a term of 2 years' imprisonment on each count, to be served consecutively. In pronouncing disposition, the court noted "both these incidents are separate acts with a minor" and further stated, "[b]ecause they are separate acts on separate dates, I'm ordering that they run consecutive to each other."

¶4 Swindle filed a timely notice of post-conviction relief. Counsel was appointed and filed a notice of completion of post-conviction review. Swindle then filed his *pro se* petition for post-conviction review, the State filed a response, and Swindle filed a reply. The superior court summarily dismissed his petition, finding Swindle had presented no colorable claims for relief under Arizona Rule of Criminal Procedure ("Rule") 32. Swindle then filed this petition for review.

¶5          Swindle is now claiming that he is entitled to concurrent sentences, and his consecutive sentences are illegal as the acts in Count 2 and 3 all fall in the same time frame, with the same victim, under the same exact statute, and are part of the same "transaction."  He claims that under Arizona Revised Statutes ("A.R.S.") section 13-116 and principles prohibiting double jeopardy, his consecutive sentence is illegal.

¶6          Since Swindle claims that all three sentences should have been concurrent, his Rule 32 claims are in part a collateral attack on the original indictment, plea, and sentence, claiming the plea and sentence were illegal.  "Double jeopardy is waived by a plea of guilty.  It is a personal defense which must be affirmatively plead." *Dominguez v. Meehan*, 140 Ariz. 329, 332 (App. 1983) (citations omitted).  Swindle impliedly waived this argument by his guilty plea.  Further, he did not challenge the original plea, factual basis, and sentence in a timely manner under Rule 32. *See* Rule 32.4(a).  As such, he is precluded from raising a collateral attack in this proceeding. *See* Rule 32.2(a); *see also State v. Shrum*, 220 Ariz. 115, 118, ¶¶ 12-13 (2009) (holding untimely claims regarding the legality of a sentence are precluded under Rule 32.2(a)).

¶7          However, since there does not appear to be an express waiver of double jeopardy in the plea or the record, we address Swindle's claims on the current disposition only. *See State v. Millanes*, 180 Ariz. 418, 420 (App. 1994) ("waiver of the prohibition against double jeopardy must be express rather than implied.").

¶8          Swindle's contentions that his sentence to consecutive terms in prison is illegal, and he is entitled to concurrent sentences on his revocation sentence, are factually and legally without merit.  First, Swindle does not provide any facts to show that the incidents of sexual conduct with a minor in Counts 2 and 3 occurred on the same date and time.  Nor does he include transcripts from the original proceeding.  "Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." *State v. Zuck*, 134 Ariz. 509, 513 (1982).  The indictment and transcript of the court's disposition show that the acts in Counts 2 and 3 are "separate acts."  The fact that there is a broad time frame alleged in the indictment does not mean they occurred on the same *date*.  Second, even assuming Counts 2 and 3 occurred at or near the same time, these are alleged as separate and different acts, which support consecutive sentences. *Blockburger v. United States,* 284 U.S. 299 (1932) cited by Swindle in his reply to the State's response to his petition filed in superior court, makes it clear that successive offenses of the same

type, no matter how closely they follow one another, constitute separate offenses.  284 U.S. at 301-02.

**¶9**          In *State v. Griffin*, 148 Ariz. 82 (1986), our supreme court held that sentencing a defendant to a life term on the first count of sexual assault (by oral contact) and ordering the remaining counts (two of which included sexual assault by intercourse) to run concurrently with each other but consecutively to the first count, did not violate A.R.S. § 13-116 or double jeopardy, even though they occurred on the same occasion.  148 Ariz. at 85-86 (noting that it is immaterial that punishable acts occur within a very short time span); *see also State v. Williams*, 182 Ariz. 548, 562-64 (App. 1995) *superseded in part by rule* (holding that multiple acts of sexual assault occurring in very rapid succession during a single episode can be considered separate offenses which does not prohibit consecutive sentences); *State v. Boldrey*, 176 Ariz. 378, 382-83 (App. 1993) (holding that imposing consecutive sentences for multiple acts of sexual abuse and molestation, including intercourse, occurring on one occasion does not violate equal protection or A.R.S. § 13-116).

**¶10**          We conclude that the superior court did not abuse its discretion in summarily denying relief.  Accordingly, we grant review but deny relief.

