NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN BRADLEY SHAW, *Petitioner*.

No. 1 CA-CR 19-0447 PRPC

FILED 7-9-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-120845-001
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

John Bradley Shaw, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

**T H U M M A,** Judge:

¶1        Petitioner John Bradley Shaw seeks review of the superior court's order summarily denying his post-conviction relief (PCR) petition. *See* Ariz. R. Crim. P. 33. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a PCR petition. *State v. Gutierrez,* 229 Ariz. 573, 577 ¶ 19 (2012). Because Shaw has shown no such error, this court grants review but denies relief.

¶2        The State charged Shaw with unlawful flight from a law enforcement vehicle, a Class 5 felony, and misconduct involving weapons, a Class 4 felony. For sentencing enhancement purposes, the State alleged that Shaw had 17 prior felony convictions.

¶3        At a settlement conference in September 2017, the State offered to dismiss prior felony conviction allegations and stipulate to a three-year prison term followed by probation if Shaw pled guilty to both offenses. Explaining the offer expired at the end of the day, the State also verbally agreed not to file anticipated drug-related charges against Shaw after laboratory testing was completed on suspected methamphetamine and heroin found in Shaw's possession when he was arrested. Shaw rejected the offer.

¶4        Almost eight months later, Shaw signed the proffered plea agreement and pled guilty to the charged offenses. The court accepted the guilty plea and, abiding by the parties' stipulation, imposed a three-year slightly aggravated prison term for the weapons charge. For the unlawful flight charge, the court suspended sentence and placed Shaw on probation for 18 months after his release from prison.

¶5        Shaw timely commenced PCR proceedings. His appointed counsel found no colorable claims, and Shaw proceeded to represent himself.

¶6        In his PCR petition as amended, Shaw claimed police unlawfully seized the firearm that was the basis of the weapons charge. Shaw also challenged the voluntariness of his plea. Finally, Shaw asserted he was "not bound to" the plea agreement because it was "expired and . . . void" when he signed it and, therefore, his "case [should be] dismiss[ed]." The superior court summarily dismissed the petition and Shaw now timely seeks review by this court.

¶7         Shaw suggests that his counsel and the superior court coerced him at the settlement conference to plead guilty. Whatever Rule 33.1 provision Shaw implicates as a basis for relief on this claim, his argument fails. The settlement conference transcript clearly indicates Shaw was steadfast in his rejection of the plea offer and in his desire to go to trial at that time. His guilty plea eight months later after an apparent change of mind does not indicate coercion, and his avowals at the change of plea hearing confirm his plea was voluntary.

¶8         Shaw next appears to argue that, when he pled guilty, he was entitled to rely on the prosecutor's earlier verbal promise at the settlement conference not to file drug-related charges. Not so. At the settlement conference, the prosecutor addressed Shaw as follows: "[J]ust so you know, it is the policy of our office that if you reject a plea offer, any subsequent plea offer has to be substantially harsher. . . . So this offer expires today and it won't be coming back." Shaw immediately responded, "I understand that." The court verbally confirmed with Shaw that he wanted to reject the plea offer and proceed to trial. Nothing in the record indicates an enforceable agreement between the State and Shaw to resuscitate the prosecutor's verbal promise after Shaw rejected it. In any event, Shaw does not claim the State has charged him with any drug charges related to this case after he pled guilty.

¶9         Shaw also takes issue with the plea agreement's reference to his 17 prior felony convictions. But a trial court may consider prior felony convictions as aggravating factors even where the State has agreed not to allege those prior convictions for sentencing enhancement purposes. *State v. Jackson*, 130 Ariz. 195, 196 (App. 1981). Shaw's concerns about the State's referring to the prior convictions "outside of the plea agreement" lack merit.

¶10        Shaw next asserts both plea and post-conviction counsel provided ineffective assistance. Shaw, however, merely makes unsubstantiated generalizations regarding counsel's purported deficient performance; he does not provide substantive argument supported by authority and a factual record. *See State v. Febles,* 210 Ariz. 589, ¶ 18 (App. 2005) (to raise colorable claim and avoid summary dismissal of petition, defendant must establish counsel's performance was objectively unreasonable based on applicable professional standards, and counsel's performance prejudiced defendant); Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition.").

**¶11** Finally, to the extent Shaw challenges any of the superior court's specific rulings, he has shown no error. The court dismissed the petition in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "No useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).

## CONCLUSION

**¶12** Because Shaw has not shown the superior court abused its discretion by summarily dismissing his post-conviction relief petition, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA