NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL CAMPOS, *Petitioner*.

No. 1 CA-CR 21-0214 PRPC
FILED 3-29-2022

Petition for Review from the Superior Court in Maricopa County
Nos. CR 2017-151875-001 and CR 2019-124969-001
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED IN PART AND
GRANTED IN PART; REMANDED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Daniel Campos, Kingman
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey, Judge Peter B. Swann and Judge D. Steven Williams delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**        Daniel Campos petitions this court for review from the summary dismissal of his request for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review and partial relief, and remand case number CR2017-151875 ("2017 case") for resentencing.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In April 2018, Campos pled guilty in the 2017 case to one count of failure to register as a sex offender, a class four felony. Consistent with the plea agreement's stipulations, the superior court suspended the imposition of sentence and placed him on ten years of supervised probation.

**¶3**        In July 2019, Campos pled guilty in case number CR2019-124969 ("2019 case") to one count of interference with monitoring devices, a class four felony, and based on his guilty plea, the court further found he had violated his probation grant in the 2017 case. The plea agreement contained the following pertinent stipulations: (1) in the 2019 case, Campos would serve a prison term between the minimum term of 1.5 years and the maximum term of 3 years, *see* Arizona Revised Statutes ("A.R.S.") section 13-702(D) (establishing sentencing ranges for a class four felony); (2) the 2019 case's sentence would run consecutively to any prison term imposed in the 2017 case; and (3) the State agreed to dismiss one count of second-degree escape and not to allege his prior felony convictions and probationer status for sentence-enhancement purposes.

**¶4**        At the sentencing and disposition hearing, the superior court identified as aggravating circumstances ("aggravators"), *inter alia*, Campos's prior felony convictions; his age, noting his convictions "spanned three to four different decades"; his previous prison terms; that he committed a new offense while on probation; his prior probation violations;

2

"the nature of the underlying offenses and the specific facts" of his prior convictions; and in the 2017 case, the need to protect the community because of his failure to comply with his probation conditions and the resulting "risk of creating additional victims in the community." The court accepted as mitigating circumstances ("mitigators") Campos's age, remorse, and traumatic childhood experiences. Finding the aggravators outweighed the mitigators, the court sentenced Campos to 3 years' imprisonment in the 2019 case and a consecutive aggravated prison term of 3.75 years in the 2017 case.

¶5        Campos timely filed a PCR notice, and the superior court appointed counsel to represent him. After PCR counsel informed the court that she could find no colorable PCR claim to pursue, Campos filed a PCR petition *in propria persona* raising the following claims: (1) in both cases, the court unlawfully sentenced him to greater-than-presumptive terms because, he maintained, the sentences were not justified by proper aggravators; (2) he received ineffective assistance of counsel because trial counsel purportedly failed to advise him that at sentencing, the court could consider as aggravators his prior felony convictions and probationer status despite the State's agreement not to enhance his sentence based on those facts; (3) the court infringed on his due process rights by considering his criminal history in imposing sentence; (4) the court lacked subject matter jurisdiction to hear the 2019 case on the grounds that the electronic monitoring requirement "was not valid under the law" and that § 13-3725, the statute of conviction, was unduly vague; and (5) the court violated *Anders v. California*, 386 U.S. 738 (1967), by "not requiring [PCR] counsel to file . . . a brief referring to anything in the record that might arguably support the appeal and that she believes the case to be wholly frivolous" and by not independently "search[ing] the record for non-frivolous claims."

¶6        We have jurisdiction over Campos's appeal under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C) and Rule 33.16(a)(1).

**DISCUSSION**

¶7        On review, Campos repeats the claims he raised in the superior court, arguing the court erred by finding he had not established a colorable claim for relief. A defendant is entitled to an evidentiary hearing only if the PCR petition presents a colorable claim, *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988), which is one that if true, would have probably changed the verdict or sentence, *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016). We will not disturb the superior court's ruling unless the petitioner establishes

an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We address Campos's claims in turn.

I.      Illegal Sentences

**¶8**      Campos first contends the superior court illegally sentenced him in both cases. *See* Ariz. R. Crim. P. 33.1(c).  As he did in the superior court, he asserts (1) insufficient aggravators supported his greater-than-presumptive sentences; (2) the court erred by considering his criminal history in imposing his sentences, given that the State had agreed not to enhance his sentences based on his prior felony convictions and probationer status; (3) and the State breached the plea agreement by "alleging [his] prior felony convictions and that he was on probation at the time of the offense, and facts related to those [factors]."

      A.      Insufficient Aggravators

**¶9**      Section 13-701(D) explicitly enumerates 26 aggravators that courts may use to increase a defendant's sentence, including a prior felony conviction within the ten years immediately preceding the date of the new offense. A.R.S. § 13-701(D)(11).  Section 13-701(D)(27) provides the so-called "catch-all" provision, authorizing the trier of fact to consider "[a]ny other factor that the [S]tate alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime."  Courts may impose the maximum prison term only if one or more aggravators have been found or admitted, and a sentence to the aggravated term must be supported by two or more aggravators. A.R.S. § 13-701(C); *State v. Allen*, 248 Ariz. 352, 368, ¶ 62 (2020).  Courts are prohibited from imposing a greater-than-presumptive sentence based solely on "catch-all" aggravators, but once one of the enumerated aggravators have been properly identified, courts are then free to use the "catch-all" provision "to impose a sentence up to the statutory maximum." *State v. Bonfiglio*, 231 Ariz. 371, 373, ¶¶ 9-10 (2013).

**¶10**      Applying those principles here, the maximum sentence in the 2019 case was justified because the superior court properly found one enumerated aggravator: Campos's felony conviction (the 2017 case) within ten years of his new offense. *See* A.R.S. § 13-701(D)(11).  Having found an enumerated aggravator, the court thus permissibly considered additional "catch-all" aggravators in imposing his sentences.  To the extent Campos asks us to reweigh those aggravators and mitigators, we will not do so. *State v. Harvey*, 193 Ariz. 472, 477, ¶ 24 (App. 1998).

¶11 Turning to the 2017 case, however, the superior court did not find *any* enumerated aggravator and was therefore prohibited from increasing Campos's sentence beyond the presumptive term. Because the court impermissibly relied solely on "catch-all" factors to sentence Campos to the aggravated term, he is entitled to relief under Rule 33.1(c); consequently, the court abused its discretion in dismissing that claim. Accordingly, we vacate Campos's sentence in the 2017 case and remand the matter for resentencing. *See State v. Ojeda*, 159 Ariz. 560, 561 (1989) ("In the sentencing context, if the judge relies on inappropriate factors . . . the case must be remanded for resentencing.").

B. Campos's Additional Sentencing Claims

¶12 Campos's remaining challenges to his sentences lack merit. First, despite his contrary assertion, courts may consider as aggravators a defendant's prior felony convictions and probationer status even when the State has stipulated in a plea agreement not to apply those facts for sentence-enhancement purposes. *See State v. Jackson*, 130 Ariz. 195, 196 (App. 1981) (holding dismissal of a prior conviction allegation in a plea agreement did not preclude the sentencing judge from considering that conviction as an aggravator); *see also State v. Shattuck*, 140 Ariz. 582, 584 n.1 (1984) (collecting cases and explaining "the sentencing judge [may] impose an aggravated sentence based on prior conduct even if a conviction for that conduct has not been alleged"). Stated differently, Campos erroneously conflates the sentence-enhancement scheme with the statutory provisions permitting a court to increase or decrease a sentence within a specified range. *Compare* A.R.S. § 13-703 (enhancing sentences for repetitive offenders), *and* A.R.S. § 13-708 (enhancing sentences for offenses committed while a defendant was released from confinement) *with* A.R.S. § 13-701(C) (authorizing the maximum sentence upon finding one or more aggravators), *and* A.R.S. § 13-702(B) (authorizing, *inter alia*, the aggravated sentence for first-time offenders under § 702(D) upon finding two or more aggravators).

¶13 Equally unavailing are Campos's arguments that the superior court improperly considered felony convictions that were more than ten years old and impermissibly relied on "catch-all" aggravators not alleged by the State. Although § 13-701(D)(11) *requires* the superior court to consider any felony conviction within the ten years immediately preceding the new offense, nothing in the statute *prohibits* the court from considering older felony convictions under the "catch-all" provision. *State v. Romero*, 173 Ariz. 242, 243 (App. 1992); *see also* A.R.S. § 13-701(F) ("If the trier of fact finds at least one aggravating circumstance, the trial court may find by a

preponderance of the evidence additional aggravating circumstances."). Further, courts do not err by *sua sponte* finding aggravators that the State "had neither alleged nor attempted to separately prove." *State v. Marquez*, 127 Ariz. 3, 5-6 (App. 1980); *see also Shattuck*, 140 Ariz. at 584 n.1; *State v. Williams*, 134 Ariz. 411, 413-14 (App. 1982) (permitting courts to consider a defendant's criminal history and criminal character in imposing a sentence). Therefore, Campos has not shown the superior court erred in considering the challenged aggravators.

II.     Lack of Subject Matter Jurisdiction

¶14     The superior court correctly rejected Campos's assertion that the court lacked subject matter jurisdiction to hear the 2019 case. *See* Ariz. R. Crim. P. 33.1(b). "[T]he existence of subject matter jurisdiction is determined by the general nature of the charge contained in the complaint." *State v. Foster*, 191 Ariz. 355, 357, ¶ 6 (App. 1998) (citation and quotation marks omitted). The Arizona Constitution confers "original jurisdiction" to the superior court to adjudicate felony offenses. Ariz. Const. art. 6, § 14(4); *see State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010) ("'[S]ubject matter jurisdiction' refers to a court's statutory or constitutional power to hear and determine a particular type of case."). Thus, once the State filed a direct complaint initiating a prosecution against Campos for felony offenses committed in Arizona, the superior court thereafter properly exercised its jurisdiction over the criminal proceedings. Campos does not argue, let alone demonstrate, otherwise.

¶15     Moreover, Campos mischaracterizes his claim as one relating to subject matter jurisdiction under Rule 33.1(b). His claim instead constitutes a constitutional challenge to § 13-3725, which he waived by pleading guilty, along with all other constitutional challenges to the resulting conviction. *See State v. Leyva*, 241 Ariz. 521, 527, ¶ 18 (App. 2017) (noting that pleading guilty waives constitutional defects and defenses except those relating to the plea's validity); *see also State v. Crocker*, 163 Ariz. 516, 517 (App. 1990) ("[A] challenge to the constitutionality of a statute is a nonjurisdictional defense."). We further note that he provides no authority, and we find none, supporting the proposition that § 13-3725 is unconstitutional. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (holding appellant waived claim on review for insufficient argument and failure to cite supporting legal authority). He has thus not shown an abuse of discretion.

III.    IAC Claim

**¶16**        Campos next argues he received ineffective assistance of counsel ("IAC") because trial counsel did not advise him that the superior court could consider his prior felony convictions and probationer status when imposing his sentences, further asserting he would have rejected the State's plea offer and proceeded to trial had he been so informed.[1] *See* Ariz. R. Crim. P. 33.1(a).  To establish a colorable IAC claim, the defendant "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).  "To be colorable, the claim must have the appearance of validity, a determination that the trial court is in a better position to make than this court." *State v. Boldrey*, 176 Ariz. 378, 380 (App. 1993).  A claim has the appearance of validity if the appellant's contentions, taken as true, successfully show ineffective assistance of counsel. *State v. Suarez*, 23 Ariz. App. 45, 46 (1975).

**¶17**        In the PCR petition, Campos supported his IAC claim by attaching his own affidavit stating that he "was not aware that the court on its own may still find [his prior felony convictions and probationer status as] aggravating factors to increase [his] sentences in spite of the [S]tate's promise not to allege those very aggravating factors" and that he would not have pled guilty had he been so aware.  When evaluating whether an IAC claim is colorable, although a court must accept as true the facts alleged in a petitioner's affidavit, a petitioner's self-serving assertions do not bind the court, particularly when the record does not substantiate the allegations. *See, e.g., State v. Goswick*, 142 Ariz. 582, 585 (1984) (explaining averments in the petitioner's "self-serving affidavit" did not alone provide a "sufficient factual basis" to support his IAC claim); *see also State v. Wilson*, 179 Ariz. 17,

---

[1]        Campos did not raise an IAC claim based on trial counsel's failure to object to the superior court's imposition of an aggravated sentence based solely on "catch-all" aggravators; therefore, he has waived any such claim. *See* Ariz. R. Crim. P. 33.2(a)(3) (precluding petitioner from obtaining relief on a constitutional claim waived in a previous PCR proceeding); *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002) (precluding successive IAC claims when they were, or could have been, raised in a prior PCR proceeding); *see also* Ariz. R. Crim. P. 33.16(c)(2)(B) (limiting review to "issues the trial court decided"); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988) (reviewing court will not consider even meritorious issues that were not first presented to the superior court).

20 (App. 1993) (finding the petitioner's own affidavit was insufficient to overcome inference of waiver).

¶18    Here, Campos has not carried his burden of demonstrating the superior court abused its discretion in concluding the record did not sufficiently support his allegations to require an evidentiary hearing.  As the court explained in its dismissal order, the record reflects that during the change-of-plea colloquy, Campos acknowledged that he had "read [the] plea agreement in its entirety and that [he] understood its contents," that he had "discussed [the] plea agreement with [his] attorney," and that his attorney had "answered all of [his] questions." *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) (entitling courts to rely on a defendant's responses at the change-of-plea hearing in determining whether a defendant knowingly, voluntarily, and intelligently entered a guilty plea).  Furthermore, at the beginning of the sentencing hearing, the superior court noted that it had "reviewed a copy of the presentence report, the State's written recommendation, the Defendant's criminal history and the plea agreement in the new case."  Nevertheless, when Campos later gave his allocution, he made no inquiry into, much less protest, the court's consideration of his criminal history.  And after the court explicitly found—without objection— that his prior felony convictions and probationer status constituted aggravators, he sought no clarification regarding the propriety of the court's reliance on those facts.

¶19    Absent some showing in the record to support Campos's averments in his affidavit, his IAC claim does not have the required appearance of validity. *See Suarez*, 23 Ariz. App. at 46; *Boldrey*, 176 Ariz. at 380; *see also State v. Pritchett*, 27 Ariz. App. 701, 703 (1976) ("A defendant's mistaken subjective impressions gained from discussions with his lawyer, absent substantial objective evidence showing such impressions to be reasonably justified, do not constitute sufficient grounds upon which to set aside his guilty plea.").  The superior court therefore reasonably rejected his claim that due to ineffective assistance, he lacked the information necessary to make a knowing and intelligent decision to plead guilty. *See State v. Borbon*, 146 Ariz. 392, 399-400 (1985) (explaining courts need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated IAC claims).  Because Campos has failed to overcome the strong presumption that trial counsel rendered effective assistance, *Kolmann*, 239 Ariz. at 160, ¶ 10, his IAC claim does not warrant relief.

IV.     *Anders* Claim

**¶20**        Finally, we reject Campos's contention that the superior court violated *Anders*, given that defendants are not entitled to *Anders*-type reviews in Arizona PCR proceedings. *State v. Chavez*, 243 Ariz. 313, 317, ¶ 12 (App. 2017).  PCR counsel was thus not required to file an *Anders* brief in Campos's case, nor was Campos "entitled to a review of the record by the superior court for arguable issues." *Chavez*, 243 Ariz. at 314, ¶ 1.

## CONCLUSION

**¶21**        For these reasons, we grant review, and grant partial relief by vacating Campos's sentence in the 2017 case and remanding that case to the superior court for resentencing in accordance with this decision.   We otherwise deny relief.

