NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CARMEN DIFILIPPANTONIO, *Appellant*.

No. 1 CA-CR 22-0186
FILED 8-15-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR202000657
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

Carmen Difilippantonio, Florence
*Appellant*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Judge Andrew M. Jacobs joined.

**F U R U Y A**, Judge:

¶1        Carmen Difilippantonio ("Defendant") appeals, under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from his convictions and sentences for two counts of child molestation and two counts of sexual conduct with a minor. Defendant's counsel identifies no issues for appeal. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Defendant raises several arguments in his supplemental pro per brief.[1] We have reviewed Defendant's arguments and the entire record and have identified no arguable issues. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *Clark*, 196 Ariz. at 537 ¶ 30. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Defendant was charged, as relevant here, with one count of child molestation and one count of sexual conduct with a minor pertaining to victim G.D. (Counts 1 and 2), and one count of child molestation and one count of sexual conduct with a minor pertaining to victim J.Y. (Counts 3 and 4). Defendant pled not guilty. Before trial, the State successfully moved for the admission of other-acts evidence showing Defendant had engaged in identical conduct with the victims on other occasions.

¶3        At trial, the State presented evidence of the following facts to a jury. Defendant is G.D.'s grandfather and J.Y.'s step-grandfather. While under fifteen years of age, G.D. and J.Y. occasionally visited Defendant's house, sometimes without their parents and sometimes staying overnight. G.D. testified that during some of the visits, Defendant touched her beneath her clothes. On each of the multiple occasions, G.D. and her brother F.D. were watching television with Defendant, with G.D. sharing Defendant's chair and F.D. sitting on a nearby couch. Each time, Defendant would place

---

[1]        Defendant separately moves us to deem the appeal submitted on the defense briefs and record because the State opted not to file an answering brief. We have done so. *See* Ariz. R. Crim. P. 31.13(a)(1)–(2).

one hand beneath G.D.'s clothes, rub the outside of her vagina with his fingers, and insert at least one finger inside her vagina. J.Y. similarly testified that while watching television with Defendant and F.D., she sat on Defendant's lap in the chair at least twice—the last time after Defendant offered the children candy in exchange for her doing so. J.Y. testified that on each of the two occasions, Defendant put his hand beneath her clothes, rubbed the outside of her genitals, and inserted a finger inside her vagina.

¶4            When she was a young child, G.D. disclosed to her half-sister, S.V., that she did not like going to Defendant's house because he would touch her. G.D. demonstrated by rubbing her upper thigh, and she asked S.V. not to tell anyone. S.V. complied. Years later, both G.D. and J.Y. began voicing reluctance to visit Defendant's house but they did not disclose any inappropriate behavior by Defendant.

¶5            Around December 2019, G.D. and J.Y. visited Defendant's house with family members. J.Y. complained of an upset stomach on both the day before and the day of the visit, and she expressed reluctance to enter Defendant's house. After the visit, J.Y. spontaneously disclosed to her mother that she did not like to go to Defendant's house because he had touched her vagina and inserted his finger in her vagina multiple times. J.Y.'s mother immediately told G.D. about J.Y.'s disclosure and asked whether she also had been touched. G.D. initially said that she did not think so, but the next day admitted that Defendant had touched her on her vagina more than once. The same day, J.Y. told a school counselor that Defendant had sexually touched her. The counselor contacted police, J.Y. and G.D. were forensically interviewed, and Defendant was charged. The State presented expert testimony that sexually abused children commonly delay disclosure and form script memory of the abuse.

¶6            At the close of the State's case, Defendant unsuccessfully moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20. Defendant then presented expert testimony that mistaken or lying children may delay disclosure, and that children's memories may be contaminated by other people or books. Defendant also testified on his own behalf and denied any wrongdoing.

¶7            The jury found Defendant guilty of Counts 1, 2, 3, and 4. The court entered judgment on the verdicts and sentenced Defendant to mitigated consecutive prison terms totaling 46 years, with credit for 41 days of presentence incarceration.

**DISCUSSION**

¶8 We find no reversible error. The record reflects Defendant, who was represented at all stages, was afforded all constitutional and statutory rights and that the proceedings were conducted in accordance with the applicable procedural rules.

¶9 The evidence was sufficient to support the verdicts. A person commits child molestation when he intentionally or knowingly engages in sexual contact with a child under the age of fifteen years, and he commits sexual conduct with a minor when he intentionally or knowingly engages in sexual intercourse with a child under the age of eighteen years. Arizona Revised Statutes ("A.R.S.") §§ 13-1410(A), -1405(A). Sexual contact includes "any direct or indirect touching, fondling or manipulating of any part of the genitals . . . by any part of the body," and sexual intercourse includes "penetration into the . . . vulva . . . by any part of the body." A.R.S. § 13-1401(A)(3)–(4). Evidence established that when G.D. and J.Y. were less than fifteen years old, Defendant used his fingers to first rub the exterior of and then penetrate their vaginas. The court imposed legal sentences under A.R.S. §§ 13-1405(B), -1410(B), and -705(E), (F), and (P).

¶10 Defendant raises a number of contentions in his supplemental brief, all of which we reject as meritless. Defendant first argues the jury was wrongly instructed that the absence of sexual motivation was a defense. He contends sexual interest is an element of the offense. But the statute defining the offense does not so provide. *See* A.R.S. § 13-1410. Further, the jury instruction was consistent with the definitional and defense statutes in effect at the time of Defendant's conduct. *See* A.R.S. §§ 13-1401 (2015), -1407(E) (2008); *see also State v. Holle*, 240 Ariz. 300, 301 ¶ 1 (2016). Additionally, contrary to Defendant's contention, even if current A.R.S. § 13-1401(A)(3)(b) applied, instruction under it would be unfounded. Section 13-1401(A)(3)(b) now specifies that sexual contact excludes touching "during caretaking responsibilities or interactions with a minor . . . that an objective, reasonable person would recognize as normal and reasonable under the circumstances." But here, no evidence or argument was presented that could support application of that exception.

¶11 Defendant next argues the charges were overly vague and exposed him to multiple convictions for the same conduct. He contends he could not be convicted of both child molestation and sexual conduct with a minor arising from the same interaction because the first offense is a lesser-included offense of the second. We disagree. Evidence showed Defendant's touching of the victims' external genitals (as required for child molestation)

was not only incidental to his penetration of their genitals (as required for sexual conduct with a minor), but was also a separate act. *See State v. Arnoldi*, 176 Ariz. 236, 240 (App. 1993). The victims' testimony established that Defendant deliberately rubbed their external genitals before penetrating them with his finger. On this record, charges for both offenses were appropriate.

¶12 Finally, Defendant challenges the admission of other-acts evidence and the jury instructions pertaining thereto. Typically, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(1)–(2). Moreover, "[i]n a criminal case in which a defendant is charged with having committed a sexual offense, . . . evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." Ariz. R. Evid. 404(c). Under the exception to the general rule, the superior court did not err by permitting the State to present evidence that Defendant engaged in the charged conduct on multiple occasions. Perhaps the jury instructions could have been presented with more clarity. The instruction on Rule 404 evidence first recited the general prohibition and then recited the exception, but did not call it such. Nevertheless, on this record, we find no reversible error because there is no reasonable, non-speculative basis establishing that the jury was misled or confused. *See State v. Gallegos*, 178 Ariz. 1, 10–11 (1994).

¶13 Lastly, the court imposed sentences within the ranges provided by statute and accorded Defendant the correct credit for his presentence incarceration.

**CONCLUSION**

¶14 We affirm Defendant's convictions and sentences.

¶15 Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options. *Id.* Defendant has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). Upon the court's own motion, Defendant

has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c). A timely motion for reconsideration will extend the deadline to file a petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:   AA